STOLLER (ERNEST v.). See Case No. 4,520.

STOLLEY (BLOOMER v.). See Case No. 1,559.

STOLLEY (BROOKS v.). See Cases Nos. 1,962 and 1,963.

STOLLEY (WILSON v.). See Cases Nos. 17,839 and 17,840.

STONE (BABCOCK v.). See Case No. 701.

## Case No. 13,482.

### STONE v. BISHOP et al.

[4 Cliff. 593;[1] 6 Reporter, 706; 2 Month. Jur. 549.]

Circuit Court, D. Massachusetts. Oct. 7, 1878.

TRUSTS — DEPOSIT OF MONEY IN TRUST — NOTICE TO CESTUI QUE TRUST — PROPERTY CHARGED — FEDERAL JURISDICTION.

1. Property once charged with a valid trust will be followed in equity in whosesoever hands it comes, and the holder will be charged with the execution of the trust, unless he is a purchaser for value without notice.

2. Whatever persons or corporations are capable of having the legal title or beneficial interest cast upon them by gift, grant, bequest, descent, or operation of law, may take the same, subject to a trust, and they will become trustees, provided the existence of the trust is fully proved.

3. Mere deposit of money in a savings bank, with entry in the pass-book in the form shown in this case, that it was in trust for the alleged cestui que trust, without notice to the supposed cestui que trust, is not sufficient to show that the money deposited passed to him, especially when he knew nothing of the deposit until after the decease of the depositor, and the appointment of an administrator.

[Cited in Gerrish v. New Bedford Inst. for Savings, 128 Mass. 164.]

4. Jurisdiction was assumed, although one of the parties respondent was a citizen of the same state as the complainant, it appearing that the suit was auxiliary to the original suit previously commenced, and still pending between citizens of different states.

5. Cases occur where a person may constitute himself trustee of a fund for another, when the fund remains in his control; but in this case the testator kept the pass-book, and never notified the alleged cestui que trust that any

disposition in his favor had been made of the trust.

This was a bill of interpleader, brought by the complainant [Phineas J. Stone], as president of an institution for savings, to determine to which of two claimants a fund or deposit in the bank belonged.

J. H. Sherburne and D. F. Fitz, for complainant.

Horatio G. Parker and Benjamin Poole, for respondent George Carpenter.

"If the settler proposes to convert himself into a trustee, then the trust is perfectly created, and will be enforced so soon as the settler has executed an express declaration of trust, intended to be final and binding upon him, and in this case it is immaterial whether the nature of the property be legal or equitable,—whether it be capable or incapable of transfer." Lewin, Trusts, p. 60, c. 6, § 2, and cases cited; Morgan v. Malleson, L. R. 10 Eq. 475; Armstrong v. Timperon, 24 Law T. (N. S.) 275; Ex parte Dubost, 18 Ves. 140; Vandenberg v. Palmer, 4 Kay & J. 204–212; Wheatley v. Purr, 1 Keen, 551. Knowledge of the gift on the part of the donee is not essential. Same cases, and Wells, J., in Brabrook v. Boston Five Cents Sav. Bank, 104 Mass. 231. A trust of chattels personal may be created by parol. Lewin, Trusts, 47, 48, and cases cited. Gen. St. Mass. c. 105; Hill, Trustees, 55–59; Witzel v. Chapin, 3 Bradf. (Sur.) 386. Here is a delivery of the money to a third person for the benefit of the defendant Carpenter, and a delivery of the book to this third person. No construction can be put upon the declarations of Alonzo C. Jackson, save that he intended to create, and believed he had created, a trust for the defendant Carpenter. It is sufficient to say, that this by-law is made for the protection of the bank, and though it, perhaps, could set it up as a defence in an action at law brought against it, it cannot avail in equity to destroy a trust between other parties, when the carrying out of that trust can in no way prejudice the bank. A decree in this case, that the money shall be paid to the defendant Carpenter, will be a full protection to the bank. That decree, if thought necessary, may provide, as part of it, that the bank book be delivered to the bank. Neither of the cases, Brabrook v. Boston Five Cents Sav. Bank, 104 Mass. 228, and Clark v. Clark, 108 Mass. 522, can avail against us. The facts are different. In the first case, which the court say is decisive of the second, the depositor was affirmatively shown to have deposited the money in his name as trustee for the sole purpose of avoiding the provision of Gen. St. Mass. c. 57, § 141, and to have received the dividends thereon to his own use. In the second case, no evidence of any intention to create a trust was offered, and the depositor deposited her own

---

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

money by her own hand. They were both actions at law. The defendant's counsel in the first case claimed only that the plaintiff could not recover in that action, relying upon the by-law. And the court say: "We have not considered the technical question, whether any action could be maintained between these parties, because that question seemed to be waived by the submission upon agreed facts." Here the court will do equity without regard to the form of action, and carry out the trust, if it shall find that there was an intention to create a trust, and sufficient done to perfect it. In Powers v. Provident Inst. for Savings, decided by the supreme judicial court of Massachusetts, April, 1878 [124 Mass. 377], May 8, 1878, the court say: "Even if the deposits had been made and entered 'in trust for A. B.,' it would be open to proof by parol evidence, that the money was absolutely owned by the depositor, and thus deposited for convenience, and without intent to give 'A. B.' any right or interest in it;" and cites the two above-named Massachusetts cases as only going so far as to sustain that position; thus, implying that a deposit made as in this case would create a valid trust, unless there was evidence to show the contrary. In our case we show an intent to do something for the defendant Carpenter, in the way it was done or some other, the carrying out of that intent, and there is no evidence going to show any other intent than to create the trust we claim.

N. C. Berry, for respondent Robert R. Bishop.

No diligent search had been made for the letter referred to in George Carpenter's deposition to lay the foundation for secondary evidence, if any such letter ever existed. Carpenter testifies that the letter was shown to him by Mrs. Knight as being written to her by A. C. Jackson. The letter is the best evidence. Parol evidence of its contents could not be given till it was shown that the letter was lost or destroyed. Mrs. Knight's deposition should have been taken, and she required to produce it. 1 Greenl. Ev. § 82. The trust was incomplete. The by-law required a delivery of the pass-book, or some order or assignment of it. The relation of trustee and cestui que trust was not perfected. Brabrook v. Boston Five Cents Sav. Bank, 104 Mass. 228; Clark v. Clark, 108 Mass. 522; McCluskey v. Provident Inst. for Savings, 103 Mass. 300; Wall v. Provident Inst. for Savings, 3 Allen, 96; Chase v. Breed, 5 Gray, 440; Maynard v. Maynard, 10 Mass. 456; Sampson v. Thornton, 3 Metc. (Mass.) 275.

CLIFFORD, Circuit Justice. Property once charged with a valid trust will be followed in equity into whosesoever hands it comes, and the holder will be charged with the execution of the trust unless he is a purchaser for value, without notice. Whatever persons or corporations are capable of having the legal title or beneficial interest cast upon them by gift, grant, bequest, descent, or operation of law, may take the same, subject to a trust, and they will become trustees, provided the existence of the trust is fully proved. Perry, Trusts, § 38. Two sums were deposited by the supposed donor in the savings bank named in the record, amounting, with interest and dividends, to the sum of $1,600. Entry was made of one deposit by his direction in the books of the bank in the words and figures following:—"No. 3749. A. C. Jackson, in trust for George Carpenter, December 31, 1863, deposited one hundred and fifty-two $28/100$ dollars."

A bank pass-book was then delivered to said Jackson by said bank containing the above entry, and afterwards, on April 19, 1865, said Jackson, by his agent, made another deposit in the same account of $565.00, as appears by the bill of complaint. Claim to the same was made by each of the respondents, and in addition to that the said George Carpenter, a citizen of New Hampshire, commenced a suit in this court against the savings bank, a citizen of Massachusetts, to recover the amount of the deposit, including interest and dividends. Pending that suit, the savings bank, by its president, instituted the present suit of interpleader against the present respondents. The first respondent claims the deposit as administrator, with the will annexed, of the estate of the depositor. On the other hand, the other respondent claims the deposit as cestui que trust, assuming that the money was deposited by the depositor as a trust in his favor. All these facts are set forth in the bill of interpleader, and the complainant alleges that he is uncertain to which of the said two persons said money belongs, and prays that they may set forth to whom the same is payable, and may be decreed to interplead touching their several claims. Pursuant to the order of the court the respective respondents appeared and made the answers exhibited in the record. Jurisdiction of the suit will be assumed, though one of the respondents is a citizen of the same state with the complainant, it appearing that the suit is auxiliary to the original suit previously commenced and still pending between citizens of different states. Freeman v. Howe, 24 How. [65 U. S.] 460; Pennock v. Coe, 23 How. [64 U. S.] 124; Gue v. Canal Co., 24 How. [65 U. S.] 262.

Jackson made a will and gave, devised, and bequeathed all his property and estate of every description to his brother, Charles Fox Jackson, if living at his decease, and if not, to the children of his said brother. Bishop, as the administrator with the will annexed of his estate, claims the fund as belonging to the estate of the testator. Beyond all doubt the money deposited belonged to the depositor at the time it was deposited in the

savings bank. It was deposited in the name of the depositor, in trust for George Carpenter, but the depositor retained the pass-book, and never gave the person named as cestui que trust any notice of what he had done, nor did he have any knowledge of the deposit until after the death of the depositor. Money deposited, the by-laws provided, shall not be withdrawn except by the depositor. or by some person by him or her authorized by a written order signed by the depositor, and witnessed, or otherwise legally authorized, and on producing the original book of deposit that such payment may be made thereon, and in all cases of withdrawal, one week's notice may be required. Cases arise, two of which are cited in favor of the respondent Carpenter, where it is held that a person may constitute himself a trustee of a fund for another, when the fund remains in his control; but the difficulty with the respondent in this case is, that the testator kept the pass-book, and never notified the supposed cestui que trust that any such disposition of the deposit had been made in his favor. Vanderberg v. Palmer, 4 Kay & J. 212; Armstrong v. Timperon, 24 Law T. (N. S.) 275. Without more, it is clear that the mere entry in the pass-book, in the form there exhibited, is not sufficient to show that the money deposited passed to the supposed cestui que trust. Authorities to support that proposition are full, to the point, and decisive. Clark v. Clark, 108 Mass. 523; Brabrook v. Boston Five Cents Sav. Bank, 104 Mass. 230.

Attempt is made to take the case out of the rule of decision adopted in those cases by the evidence introduced in the case. None of the evidence deserves much consideration, except what relates to the supposed letter alleged to have been written by the depositor to Mrs. Knight, which fails to be satisfactory for at least two reasons: (1) Because the evidence to show that such a letter was ever sent to the witness is not sufficiently full and explicit to receive implicit credit. (2) Because the evidence of search is entirely unsatisfactory to admit parol evidence of the contents of the letter.

Viewed in that light, it is clear that the parol evidence of the contents of the letter must be excluded, and without that evidence it is manifest that the case is controlled by the decisions already referred to of the Massachusetts court. For these reasons the court here is of the opinion that the fund belongs to the estate of the depositor, inasmuch as it never passed to the supposed cestui que trust.

Decree in favor of the first-named respondent.