EDWARD BARKER, in equity, *vs.* WILLIAM A. FRYE.

Penobscot.    Opinion February 16, 1883.

*Savings bank deposit.   Trust.   Gift,*

F informed the treasurer of a savings bank that she desired to make a deposit for each of four grandchildren, naming B as one, to which she proposed to make additions from time to time and expressed the hope that with the accumulated interest, the deposits might amount to enough to be of advantage to them when they should reach a suitable age to take charge of the money. She wanted "to do something for the children." The treasurer gave her pass books in the names of each of the grandchildren and entered in each and in the bank books "subject to the order of F during her lifetime." Subsequently she informed B of what she had done and that the money was intended for him and the other children, and she made other deposits and withdrew one dividend. Afterwards F took the several books to the bank and informed the treasurer "that the time had come when she desired to make such a change in the terms of the deposits made for her grandchildren, . . . as would give them full control over them, and the amounts on each book become the absolute property of the parties named therein, and her right to control them should cease. Her expressed wish was, that her claim over the amount of the deposits should be withdrawn as to each case and the books so changed that they would stand in the names of the grandchildren without any restriction whatever," and the treasurer then and there, at her request, erased from the pass books and bank books the original entry "subject to the order of F." She notified B by letter of this change and that the pass books would be delivered the first time they met. B replied with the request that the books might be sent to him. A short time before F's death, she delivered the pass books to W. A. F. with a written order to enable him to draw the amount of each deposit. *Held,*—

1. That the deposit in the first instance created a valid trust and that F controlled the same in trust for B.

2. That the acts and declarations of F at the time of the change in the entry upon the books show a complete and executed gift and divested F of any interest in the deposit as trustee or otherwise, and that she thereafter held the pass book in trust for B.

3. That as W. A. F. subsequently took the book without consideration and with full knowledge of the plaintiff's prior title, he took it subject to that trust, and that it is necessary to B for the more beneficial enjoyment of his gift.

BILL IN EQUITY.

Heard on bill, answer and proof.

The opinion states the material facts.

*A. W. Paine*, for the plaintiff, cited : *Northrop* v. *Hale*, 72 Maine, 275 ; *Gerrish* v. *N. B. Ins. for Savings*, 128 Mass. 159 ; *Blasdel* v. *Locke*, 52 N. H. 238 ; *Howard* v. *Windham Bank*, 40 Vt. 597 ; *Gardner* v. *Merritt*, 32 Md. 78 ; *Minor* v. *Rogers*, 40 Conn. 512 ; *Ray* v. *Simmons*, 11 R. I. 266 ; *Brabrook* v. *Bost. Five Cents Sav. Bank*, 104 Mass. 228 ; *Clark* v. *Clark*, 108 Mass. 522 ; *Davis* v. *Ney*, 125 Mass. 590 ; *Pierce* v. *Boston Sav. Bank*, 129 Mass. 425 ; *Robinson* v. *Ring*, 72 Maine, 140 ; *Hill* v. *Stevenson*, 63 Maine, 364 ; *Welsch* v. *Belleville Sav. Bank*, 94 Ill. 191 ; *Millspagh* v. *Putnam*, 16 Abb. Pr. 380 ; *Martin* v. *Funk*, 75 N. Y. 134 ; *Milroy* v. *Lord*, 4 De Gex F. and J. 264 ; *Stone* v. *Bishop*, 4 Cliff. 593 ; *Stone* v. *Hackett*, 12 Gray, 227 ; *Gould* v. *Emerson*, 99 Mass. 154 ; *Knickerbocker L. Ins. Co.* v. *Weitz*, 99 Mass. 157 ; *Wall* v. *Prov. Inst.* 3 Allen, 96 ; *Taylor* v. *Henry*, 48 Md. 550.

*Drummond and Drummond*, for the defendant.

That no legal or equitable title passed to the complainant prior to the change in the books, is conclusively settled by *Northrop* v. *Hale*, 73 Maine, 66.

After the change in the deposit, the title would vest in the complainant on delivery of the pass book. Mrs. Frye knew a delivery of the book was necessary to complete the gift. Mr. Barker so understood it and wrote her to send him the books, yet she did not, but retained the control herself.

The cases cited by counsel for complainant were cited to the court in *Northrop* v. *Hale, supra*, but the court there followed the decisions which conflicted with these.

"There must be an intention to give and this must be carried into effect by an actual delivery." *Robinson* v. *Ring*, 72 Maine, 140.

As nothing less than what the law deems " an actual delivery " will make an intended gift an actual gift, it matters not how far in the direction of carrying out the intention the parties may go if they fall short of "actual delivery." We find no case in which it has been held that any declaration of intentions, whether to the intended donee or vendee or to third persons, is equivalent to "actual delivery."

In *Davis* v. *Ney*, 125 Mass. 590, and *Pierce* v. *Savings Bank*, 129 Mass. 425, there was an actual delivery; and *Gerrish* v. *Savings Bank*, 128 Mass. 159, was decided by force of a statute which does not exist in Maine.

The cases cited from New Hampshire, Vermont, Rhode Island, Connecticut, New York, &c. are in conflict with the decisions in Massachusetts and Maine.

DANFORTH, J. The plaintiff seeks to recover possession of a book issued by the Augusta Savings Bank, showing a deposit of money in that bank in his favor. Both parties claim the deposit and the question involved is upon the validity of the plaintiff's title.

It appears from the evidence in the case, and the facts are undisputed, that in May, 1870, Lydia P. Frye, the grandmother of the plaintiff, made four distinct but equal deposits, taking a book for each with the same heading, except the name. That now in question reads as follows, viz; "Augusta Savings Bank in account with Edward Barker, subject to the order of Lydia P. Frye, during her lifetime."

Then follows the deposit. Subsequently she made other deposits, which with the accumulated interest, were duly entered upon the book. Each book had upon it the same amount. The dividend for August 1, 1872, was withdrawn. It also appears that at the time of making the first deposit, Mrs. Frye said, to the treasurer of the bank in substance that she desired to make a deposit for each of her grandchildren, of whom she named the plaintiff as one, to which she proposed to make additions from time to time and expressed the hope that with the accumulated interest, the deposits might amount to enough to be of advantage to them, when they should reach a suitable age to take charge of the money themselves. She said she wanted "to do something for the children."

She subsequently informed this complainant of what she had done and that the money was intended for him and the other children.

Under the decision of *Northrop* v. *Hale*, 72 Maine, 275, holding that evidence, aside from the bank book, is admissible to

vary the effect of the entries and show the intention of the
depositor, it is difficult to perceive how that intention could be
more clearly shown, or how a trust in favor of the children could
be more certainly declared than is shown by this evidence.    The
facts thus proved very decidedly distinguish this case from that
of *Northrop* v. *Hale*, 73 Maine, 66, and cases relied upon by
the defence, and bring it within the principles there laid down
as necessary to constitute a valid trust, even to the notice to and
the acceptance by the *cestui que trust*.    *Gerrish* v. *Ins. for
Savings*, 128 Mass. 159, after an elaborate review of the author-
ities, sustains this view.

Subsequently, however, it seems that in the opinion of Mrs.
Frye the time anticipated by her when the children " should
reach a suitable age to take charge of the money themselves,"
did arrive, and she divested herself of her trusteeship as well as
of all interest in, or control over the money and invested them
with the absolute title to and control over it.

On September 19, 1881, Mrs. Frye appeared at the bank with
the several books and informed the treasurer "that the time had
come when she desired to make such a change in the terms of
the deposits made for her grandchildren    .    .    as would
give them full control over them, and the amounts on each book
become the absolute property of the parties named therein, and
her right to control them should cease.    Her expressed wish
was, that her claim over the amount of the deposits should be
withdrawn as to each case, and the books so changed that they
would stand in the names of her grandchildren without any
restriction whatever."

The treasurer, then and there at her request, erased from the
books the original entry "subject to the order of Lydia P. Frye,"
and erased the same entry from the books of the bank.    Of this
change the plaintiff was immediately notified by letter with the
additional information that the books would be delivered the first
time they met.    The plaintiff replied with the request that the
books might be sent to him, which was an acceptance of the gift.

So far as necessary to make a valid gift of the money and
divest Mrs. Frye of any interest in it as trustee or otherwise,

everything was done and completed. No condition remained attached to the deposit; nothing to be done in the future. The intention that the gift was then to take effect cannot be disputed. Under the by-law of the bank, in view of which Mrs. Frye's act must be construed, by which all deposits are entered upon the books of the bank and a book given to each depositor in which every deposit made by him will be entered, which will be his voucher and the evidence of his property in the institution, the person whose name appears unconditionally upon the books, must, by the bank, be considered the depositor, and alone, in person or by order, be authorized to withdraw the deposit. After this change Mrs. Frye could not and the plaintiff could withdraw the money credited to him upon the books. Applying the strictest rules laid down in the decided cases, as necessary to constitute a valid gift and this would stand the test. *Hill* v. *Stevenson*, 63 Maine, 364; *Dole* v. *Lincoln*, 31 Maine, 422; *Urann* v. *Coates*, 109 Mass. 581; *Pierce* v. *Savings Bank*, 129 Mass. 425; *Grangiac* v. *Arden*, 10 Johns. *293; *Wing* v. *Merchant*, 57 Maine, 383; *Trowbridge* v. *Holden*, 58 Maine, 117; *Stone* v. *Bishop*, 4 Cliff. 593.

But much stress is laid upon the fact that the deposit book was not delivered to the plaintiff. This was not necessary. A delivery of the property given, actual or constructive, is undoubtedly necessary to a valid gift, as evidence that the donor has parted with all control of and interest in the property. But the nature of this delivery must depend upon the facts of each case. The law does not require impossibilities or useless ceremonies. When the deposit stood upon the books subject to Mrs. Frye's order, a declaration of trust in herself and an acceptance by the *cestui que trust* was sufficient, for she could not deliver the money to herself and a delivery to the beneficiary would defeat the trust intended. *Urann* v. *Coates, supra; Gerrish* v. *Ins. for Savings, supra.*

It is however conceded that a delivery of the pass book would have been sufficient and the cases show that it is so, even without an assignment. *Pierce* v. *Savings Bank, supra.* But the

book is only evidence of the right to the property. Its delivery is not a delivery of the thing itself but the evidence of it. The bank's books are just as good evidence of the title to the deposit as the book given to the depositor. When the change of entry was made thus giving authority to the bank to pay to the depositor, it was a more effectual delivery than if an unassigned pass book had been given to the donee. In any event the delivery need not be directly to the donee, but may be to another for him. *Hill* v. *Stevenson, supra.* Here the evidence of title was given to the treasurer, and as the evidence clearly shows, for the sole benefit of the donee. But this is not all. The deposit was the subject of the gift. The act and declarations of Mrs. Frye with the change in the books were equivalent to a withdrawing and redepositing the money for the donee. If this had been done the delivery could hardly have been questioned. But the ceremony would have been a useless one and would have added no force to the evidence of a change of property. *Wing* v. *Merchant, supra*, holds directly that where property "is already in the hands of the donee, proof of an actual manual tradition at the time of making the gift, is not essential." Such a delivery to the bank under like circumstances is held sufficient in a very satisfactory opinion in *Blasdel* v. *Locke,* 52 N. H. 238.

Here the title to the deposit is in the plaintiff. The possession of the pass book, one of the evidences of that title and his voucher, is in the hands of the defendant. How it came there is not material. His assignment from Mrs. Frye however obtained cannot avail. The property having been previously conveyed to the plaintiff though by gift, that gift could not be revoked. *Stover* v. *Poole,* 67 Maine, 217. It will not be set aside except in behalf of a creditor or a subsequent *bona fide* purchaser. The defendant is neither. There is no pretence that he was a creditor, or that he paid any consideration for the assignment; and the book itself gave him sufficient notice of the previous conveyance. He then has no title to the money or the book and can stand in no better position than Mrs. Frye or her representative. After she had done all that was necessary to complete the gift she notified the plaintiff that she held the book for him.

She then at best held it in trust. That trust would follow it into whosesoever hands it might go with notice. *Stone* v. *Bishop*, *supra*. This notice defendant had. "If the contract is executed wholly, or, if not wholly, yet in a substantial degree, and there remains something to be done to complete the title, or otherwise render the enjoyment more beneficial to the plaintiff, equity will require that thing to be done, although the promise was wholly voluntary." 3 Parsons on Contracts, 360, 6th ed. and cases cited.

Here the contract was wholly completed. To "render the enjoyment of the thing more beneficial to the plaintiff" it is necessary that he should have the book withheld by the defendant. This is on the same principle by which, in *Hill* v. *Stevenson*, *supra*, the respondent was required to collect the money for the benefit of the plaintiffs, or to give them such an order as would enable them to do so.

*Bill sustained with costs.*

APPLETON, C. J., WALTON, PETERS, VIRGIN and SYMONDS, JJ., concurred.