S. M. POPE, Exr. *v.* THE BURLINGTON SAVINGS BANK, AND MARION CUSHING, CLAIMANT.

*Gift Inter Vivos.    Savings Bank.    Trust.*

B., the Plaintiff's executor, deposited $800 in the defendant savings bank in the name of C. but payable to himself. He took a deposit book, which he kept and controlled. He withdrew a little more than half of it, and in a few months directed the treasurer of the bank to add to the first entry, "Payable to S. Barlow," so as to make it read, "Payable to S. Barlow, during his life and after his death to Marion Cushing." B. made his will before the deposite in which was this provision: "I hereby confirm all gifts I have made or shall make to any of my children." C. was a grandchild. It did not appear that B. did or said anything else in relation to the deposit, or that indicated an intention to hold the pass book in trust for C. A by-law printed in the pass book provided that no deposit could be withdrawn without the production of the book. The bank had no communication with C., and understood that B. was the depositor, and so treated him. C. had no knowledge of the transaction. *Held.*

1. There was no delivery, no acceptance, and therefore the deposite could not be sustained as a gift *inter vivos.*
2. The bank did not hold the money as trustee for C.
3. The donor did not declare himself a trustee, and did nothing equivalent to that; hence, there was no trust relation between him and the claimant.

ASSUMPSIT brought in the City Court of Burlington by the executor of Sidney Barlow's will against the defendant, in which action Marion Cushing was cited to appear as claimant under sec. 3578, R. L.   Judgment for the plaintiff.

By the custom of the bank, to prevent frauds in case of loss of deposit book, no name of a depositor appeared on their deposit book, but merely a number.   On a register, kept in the bank, these numbers were inscribed and against each number were seperate columns for the names, residence, occupation, age and date of birth of the depositor, together with such remarks or conditions as to the deposit as were directed to be entered. In this particular case the entries on this register against this number were as follows:

Pope *v.* Savings Bank.

| No. | Signature. | Residence. | Occupation. | Age. | Where born. | Remarks. |
|---|---|---|---|---|---|---|
| 10973. | Marion Cushing. | Burlington. | | | | Payable to S. BARLOW. |

The column headed, "signature," neither in this case nor in other cases contained the *signature* of any person, but merely a name written by the officers of the bank, which was that of the person in whose name the deposit was directed to be made.

This book was so issued and this entry so made in accordance with the express direction of Mr. Barlow.

Mr. Barlow made or executed no writing in respect to this deposit at any time or on said book, or the books of the bank; nor was there any evidence that he made any entry anywhere in respect to this deposit, except that some time before his death, it did not appear when, he wrote the initials M. C. in pencil upon the cover of the deposit book as they now appear; and these initials indicate the name of Marion Cushing.

The other facts are sufficiently stated in the opinion of the court.

*Roberts & Roberts*, for the claimant.

The deposit of money to the credit of a wife or relative, in the absence of evidence showing a contrary intention, is a valid gift thereof. *Haward* v. *Savings Bank*, 40 Vt. 597; *Caton* v. *Rideout*, 1 Macn. & G. 599; *Hillspaugh* v. *Putnam*, 16 Abb. Pr. 380.

A deposited money in the name of B. and afterwards without B's authority received back the amount and delivered up the book. *Held*, that B still continued to be depositor. *Rex* v. *Savings Bank*, 3 N. & M. 418; 8 *Jac. Fish. Dig.* 12,011.

A legal title in one person and an equitable right or title in another to the same property is not uncommon; as when A purchases lands with his own money taking title in the name of B, a resulting trust arises in favor of A from whom the consideration moved; *Clark* v. *Clark*, 43 Vt. 685; but if B were the wife and child of A, the transaction would be deemed a gift. *Bent* v. *Bent,* 44 Vt. 555.

There was a sufficient delivery; and an acceptance is to be presumed; *Blanchard* v. *Sheldon*, 43 Vt. 512. The bank was trustee. The relation of debtor and creditor does not exist between the bank and a depositor. R. L. ss. 3573, 3574; *Stockton* v. *Savings Bank*, 32 N. J. Eq. 163.

The delivery of a deed to one in trust to take effect on the grantor's death, unless he otherwise direct in his lifetime, takes effect from the first delivery. *Morse* v. *Slason*, 13 Vt. 296; *Giddings* v. *Giddings*, 51 Vt. 227.

So delivering to a third person an assignment of stocks to be delivered to the donee on the donor's death constitutes a valid gift; *Grymes* v. *Hone*, 49 N. Y. 17.

The foregoing and all other objections to this as a valid trust are met and answered in *Howard* v. *Savings Bank*, 40 Vt. 597; *Blanchard* v. *Sheldon*, 43 Vt. 512; *Stone* v. *Hackett*, 12 Gray. 227; *Davis* v. *Nye*, 125 Mass. 159; *Ray* v. *Simmons*, 11 R. I. 266; *Minor* v. *Rogers*, 40 Conn. 512; *Martin* v. *Funk*, 75 N. Y. 134; *Smith* v. *Speer*, 34 N. J. Eq. 336; Perry Tr. s. 98.

*Wm. G. Shaw*, for the plaintiff.

No gift was created, because there was no delivery.

Delivery is an indispensable requisite of a gift and it must be such a delivery as terminates the alleged donor's possession and dominion and control of the article; 2 Kent Com. (10 ed.) 589; *Carpenter* v. *Dodge*, 20 Vt. 595; *Northrop* v. *Hale*, 73 Me. 66; S. C. 14 Reporter, 209; Sch. Per. Prop. 9. 70; *Pierce* v. *Savings Bank*, 129 Mass. 432.

To sustain this transaction as a gift to Marion Cushing would be a plain evasion of the Statute of Wills, and would sustain what was intended merely as a testamentary provision, without the requisite formalities prescribed by law; *Withers* v. *Weaver*, 10 Barr; (Penn.) 391; *Busby* v. *Byrd*, 4 Rich. (S. C.) 9; *Taylor* v. *Henry*, 48 Md. 550; *Young* v. *Young*, 80 N. Y. 422; *Clara* v. *Clara*, 108 Mass. 522; *Lance* v. *Lance*, 5 Jones L. (N. C.) 413; *Pitts* v. *Mangum*, 2 Bail. (S. C.) 588; 2 Sch.

Pope *v.* Savings Bank.

Per. Prop. 118. There was no acceptance. *Parry's Petition*, 16 N. H. 44; *Hughes* v. *Stubbs*, 1 *Hare* 476; S. C. 23 Eng. Ch. There was no trust. *Taylor* v. *Henry, supra; Young* v. *Young, supra; Northrop* v. *Hale, supra.*

Had Barlow deposited this money in Marion Cushing's name without any qualification or provision that it should be payable to him, as in *Howrad* v. *Savings Bank*, 40 Vt. 597; or had he deposited in his own name as trustee for Marion Cushing, as in *Martin* v. *Funk*, 75 N. Y. 134, the case would have been quite different.

*A. G. Safford*, for certain heirs of Sidney Barlow.

Cited on the question that the transaction would be an evasion of the Statute of Wills; *Shurtliff* v. *Frances*, 118 Mass. 154; *Cummings* v. *Bramhall*, 120 Mass. 552; *Phipps* v; *Hope*, 16 Ohio St. 586. The gift must be absolute and irrevocable; *Allen* v. *Polereezky*, 31 Me. 338; *Knott* v. *Hogan*, 4 Met. (Ky.) 102. It must go into effect at once and completely; *Reed* v. *Spaulding*, 42 N. H. 114. The donor must part with all interest unconditionally; *Irish* v. *Nutting*, 47 Barb. 370; *Curry* v. *Powers*, 70 N. Y. 212; *Simons* v. *Savings Society*, 31 Ohio St. 457. The transaction must be such that the donor cannot recall what has been given; *Little* v. *Willits*, 55 Barb. 125; 2 Kent. Com. 439; *Milroy* v. *Ford*, 4 DeG. F. & J. 264; *Marray* v. *Cannon*, 41 Md. 406. The will of both parties must concur; *Bond* v. *Bunting*, 78 Penn. St. 210; *Dresser* v. *Dresser*, 46 Me. 48; 3 Red. Wills, Ch. 12, s. 42.

The opinion of the court was delivered by

VEAZEY, J. I. The deposit by Barlow in the name of Marion Cushing, the claimant, cannot be sustained as a gift *inter vivos*. It was his money, and, although deposited in her name, it was made payable solely to himself during his life, he retaining the pass book and having absolute control of the deposit, and she being neither a party to, nor having any knowledge of the transaction. Where there are no conditions to a gift an acceptance

may be implied; but a delivery is an indispensable requisite in order to constitute a completed gift; and as a general rule it must be such a delivery as terminates the donor's possession and dominion and control of the article. " A declaration of an intention to give is not a gift." " The donor must be divested of, and the donee invested with the right of property." APPLETON, Ch. J. in *Northrop* v. *Hale*, 73 Me. 66, " To constitute a donation *inter vivos* there must be a gift, absolute and irrevocable, without any reference to its taking effect at some future period. The donor must deliver the property, and part with all present and future dominion over it." SHEPLEY, Ch. J., in *Dole* v. *Lincoln*, 31 Me. 428; *Taylor* v. *Henry*, 48 Md. 550; 2 Kent Com. 438.

In this State and some others this rule has not been rigidly adhered to in one class of cases, viz.: Where there is a donation of money or evidence of indebtedness, like notes or bonds, and the gift is perfect in all other respects, it is not defeated after the decease of the donor by a right reserved to recall a part or the whole of the gift during his life. Such a reservation is regarded as optional and personal to the donor, and the right expires with his life, and, if not exercised, then by his death the gift is freed from the condition of defeasance, and the right of the donor becomes absolute. It is not strictly a modification of the general rule ; because it is, in essence, a gift *in trust*, absolute and complete in respect to delivery, but providing, as in all cases of trust, what the trustee shall do with the money. The provision that a part or the whole shall be subject to the use and call of the donor during his life, does not defeat the gift as to the part which remains at his decease. The donor by the transfer and actual delivery divests himself of the possession and title, subject only to be brought back into his estate by recall. This is the doctrine of *Blanchard* v. *Sheldon*, 43 Vt. 512 ; and *Barlow* v. *Loomis et al*, lately decided in the U. S. Circuit Court of this district. *See*, also, *Davis* v. *Ney*, 125 Mass. 590. Whether under the authority of these cases the transaction would have constituted a perfected gift *inter vivos*, if Barlow had delivered the deposit book to this claimant, or some other person in trust,

is not the question in the case at bar.    Here there was no delivery whatever.    If the deposit had been made in such a way and with such an understanding with the bank as to place it beyond recall or control of Barlow, then the transaction might, under the authority of *Howard* v. *Savings Bank*, 40 Vt. 597, be upheld as a complete gift, notwithstanding Barlow kept the deposit book. . But the bill of exceptions in this case fails to bring it within the theory upon which that case was decided.

II.    Can this transaction be sustained as a trust, the bank being the trustee ?    This depends, first, on the relation between a depositor in a savings bank and the bank.    Is it a trust relation or a debt and credit relation ?    In a certain class of cases involving the question whether a savings bank could be taxed on its securities; and others, where the bank had become insolvent, and its business was being closed up by a receiver, and questions arose between the rights of depositors and creditors, courts have said, that as the design of the legislature in granting the charter was to promote industry and frugality, and preserve the fruits of honest toil by enabling persons to invest in a safe and profitable manner, and contemplated no benefit to the managers, but looked only to the security and advantage of the depositors, a trust of a general or public character was created.    *Stockton* v. *Mechanics'* etc. *Bank*, 32 N. J. Eq. 163, is an illustrative case of this kind. Savings banks are not unfrequently called trustees in this class of cases; but I find no case where it is held that the relation of the bank to the depositor is a pure trust relation; but on the other hand it was lately decided in *People* v. *Savings Institution*, 92 N. Y. 7, that the primary relation of a depositor in a savings bank, to the corporation, is that of creditor and not that of a beneficiary of a trust; that the deposit when made becomes the property of the corporation ; that the depositor is a creditor for the amount of the deposit, which the corporation becomes liable to pay according to the terms of the contract under which it was made that there is nothing like a private trust between the corporation or its trustees and the depositors, in respect to the deposits. In *Ide* v. *Pierce*, 134 Mass. 260, it was held that money, depos-

19

ited in a savings bank, unless there is an agreement to the contrary, becomes the property of the bank, and the bank becomes a debtor therefor. We think this is the correct view. All the deposits are intermingled. The bank handles and invests them in its own name and as its own funds. No deposit could be traced. The recovery of a deposit by a depositor would be by suit at law, as in this case, not by bill in chancery to enforce a trust. It is not apparent what advantage could accrue to depositors from a trust relation. The managers are accountable, then, for their administration as trustees, the same as the managers or directors of a stock company are accountable to the stock holders. The statute, s. 3575 R. L., provides an easy method of making a deposit a trust for another, which was in force when the deposit in question was made. If a deposit in the depositor's name does not create a trust relation, no more would that relation be created by depositing in another person's name, or making it payable to another's order. The claimant, therefore, cannot stand on the ground that the bank became a trustee when the deposit was made, without any declaration of trust.

III. But it is further insisted in behalf of this claimant, that the transaction created a trust between *her* and *Barlow;* that is, that the latter held the bank pass book as trustee for the claimant.

The general doctrine is now settled that a perfect and completed trust is valid and enforceable, as between the trustee and beneficiary, although purely voluntary. It is not essential that the beneficiary should have had notice. But a voluntary trust which is still executory, incomplete, imperfect, or promissory, will neither be enforced nor aided. A perfect or completed trust is created where the donor makes an unequivocal declaration, either in writing or by parol, that he himself holds the property in trust for purposes named. He need not in express terms declare himself trustee; but he must do something equivalent to it, and use expressions which have that meaning. If the intention is to make such a transfer as would constitute a gift, but the transaction is imperfect for this purpose, the court will

not hold the intended transfer to operate as a declaration of trust; "for then every imperfect instrument would be made effectual by being converted into a perfect trust." The act constituting the transfer must be consummated, and not remain incomplete or rest in mere intention ; and this is the rule whether the gift is by delivery only, or by the creation of a trust in a third person, or in creating the donor himself a trustee. "An imperfect voluntary assignment will not be regarded in equity as an agreement to assign for the purpose of raising a trust." In order to render a voluntary settlement valid and effectual, as a trust, it must appear from written or oral declaration, from the nature of the transaction, the relation of the parties and the purpose of the gift, that the fiduciary relation is completely established. These propositions are established in numerous cases. See *Kilroy* v. *Lord*, 4 De G. F. & J., 264 ; *Richards* v. *Delbridge*, L. R., 18 Eq. 11 ; *Hartley* v. *Nicholson*, L. R. 19 Eq. 233 ; *Young* v. *Young*, 80 N. Y. 422 ; (citing many cases.) *Martin* v. *Frank*, 75 N. Y. 134 ; Webb's Est., 49 Cal. 541 ; *Stone* v. *Hackett*, 12 Gray, 227 ; 2 Pom. Eq. s. 996, *et Leg.* ; *Urann* v. *Coates*, 109 Mass. 581 ; *Gerrish* v. *Bank*, 128 Mass. 159 ; *Clark* v. *Clark*, 108 Mass. 532 ; *Ray* v. *Simmons*, 11 R. I. 266 ; *Minor* v. *Rogers*, 40 Conn. 512.

In the light of these settled rules, and of what Barlow did, the question is whether what he said constituted a declaration of trust. As stated by Lord CRANWORTH in *Jones* v. *Lock*, L. R. 1 Ch. App. 25 : "The cases all turn upon the question whether what has been said was a declaration of trust, or an imperfect gift."

On the 15th day of January, 1880, Sidney Barlow deposited in the defendant bank $800, of his own money, and took therefor deposit book No. 10,973, issued by the bank, which he always kept and controlled. No name of a depositor appeared on any deposit book, but merely a number. He directed the treasurer to enter the name, Marion Cushing, this claimant, on the bank register as the person in whose name the deposit was made, and to enter, " Payable to S. Barlow " ; and this was done.

In March and June following Barlow borrowed sums of money from this bank, giving his individual notes therefor, and pledging this pass-book as security ; and when the notes became due he withdrew from this deposit to apply in payment of the notes a sum which left the balance of the deposit less than $400. On August 20th, 1880, Mr. Barlow, being in ordinary health, verbally directed the treasurer to add to the said entry, "Payable to S. Barlow," so as to make it read as follows : " Payable to S. Barlow during his life and after his death to Marion Cushing," which was done. It does not appear that anything else was ever said or written by Mr. Barlow to any one, in respect to this deposit, or his intentions in regard to it. A by-law printed in said pass-book provided that no deposit could be withdrawn without the production of this book. The treasurer understood this deposit was under Barlow's control, and regarded and treated him as the depositor and that it was his money ; and the bank had no communication with Miss Cushing or any one else in respect to it. Nothing else occurred in regard to it previous to his death. He left a will, made before this deposit, in which was this provision : " I hereby confirm all gifts I have made or shall make to any of my children." Marion Cushing was a grandchild, living in California.

The money deposited was Barlow's. The pass-book was the evidence of the deposit, and took the place of the money in his hands. No species of property could be more easily transferred or delivered. Nothing was said indicating an intention to hold the book in trust other than the direction to make said entry on the bank register.

In *Taylor* v. *Henry*, 48 Md. 550, one H. deposited in a bank a sum of money belonging to himself, to the credit of himself and his sister M., so that the account was entered, " H. M. and the survivor of them, subject to the order of either, received $1850." A short time after, H. drew out $50, and died in about a month leaving the $1800 on deposit. Held, that since H. retained the power and dominion over the money, there was not

a complete gift, and the transaction did not constitute a valid declaration of trust in M.'s favor.

Other leading cases to the same import are *Mitchell* v. *Smith* 4 De G. J. & S. 422 ; *Scales* v. *Maude,* 6 De G. M. & G. 43 ; *Jones* v. *Lock,* L. R. 1 Ch. App. 25 ; *Heartley* v. *Nicholson,* L. R. 19 Eq., 233 ; *Young* v. *Young,* 80 N. Y. 422.

In *Martin* v. *Funk, supra,* cited by counsel for this claimant, the depositor declared at the time that she wanted the account to be *in trust* for the plaintiff ·(who was so claiming it), and it was so entered.

In *Barker* v. *Frye,* 75 Me. 29, the depositor informed the treasurer of the bank that she desired to make a deposit for each of four grandchildren, naming B. as one of them, to which she proposed to make additions, etc., and saying, " She wanted to do something for the children ;" and took pass books in *their names,* though subject to the order of the depositor during her lifetime.

In these cases it was held that the deposit created a valid trust, the depositors holding the pass books as trustees, but they differ from the case at bar :   In the New York case there was a plain declaration of trust ; in the Maine case the declaration, though not of a trust in terms, strongly imports the intent to create one.   Two English cases, not cited by the claimant but tending to support her claim of a trust, viz.: *Richardson* v. *Richardson,* L. R. 3 Eq. 686, and *Morgan* v. *Malleson,* L. R. 10 Eq. 475, have been repeatedly criticised in this country and England, and are regarded as contrary to the doctrine settled by the weight of authority, and virtually overruled.

There is in other cases an apparent lack of harmony in some respects ; notably as to the importance of notice to the beneficiary, and as to the effect of the donor's retaining the custody, control and use of the fund ; but this will be found to exist more in suggestions in opinions than in decisions rendered.

Our conclusion in this case is, upon what we think is the weight of authority and the soundest view, that the transaction did not create a trust between the claimant and Barlow.

These views render it unnecessary to pass upon the admissi-

bility of the evidence objected to. Treating that as properly in the case, the result arrived at is strengthened.

Judgment affirmed.