### SMITH, ADMINISTRATOR, *v.* MOORE.

[No. 11,230.   Filed January 31, 1922.]

1.   GIFTS.—*Gifts Inter Vivos.—Requisites.—Title and Possession.* —To constitute a valid gift *inter vivos,* the donor must part with the title and possession, and the property must pass under the dominion and control of the donee.  p. 457.

2.   APPEAL.—*Review.—Evidence.—Sufficiency.—Scope of Review. Weighing Evidence.*—The court on appeal cannot weigh the evidence, and, in determining whether a decision of a trial court is sustained by sufficient evidence, only the evidence most favorable to appellee will be considered.  p. 458.

3.   GIFTS.—*Gift Inter Vivos.—Evidence.—Sufficiency.—Parting with Title and Possession.*—In an action against an administrator to recover property claimed to have been given plaintiff

by decedent, evidence *held* sufficient to show that decedent intended to, and did, part with the title to, and possession of the property involved, and that it passed under the dominion and control of plaintiff. p. 458.

4. EXECUTORS AND ADMINISTRATORS.—*Check Payable to Deceased.—Sufficiency of Evidence to Show Ownership in Claimant.*—In an action against an administrator to recover property alleged to have been given plaintiff by decedent, evidence showing that plaintiff was the owner of the cows on decedent's farm, *held* sufficient to warrant the inference that a check for cream sold was plaintiff's property, though the check was payable to decedent. p. 459.

5. APPEAL.—*Presenting Questions for Review.—Exclusion of Evidence.*—A specification in a motion for new trial that the court erred in refusing to permit a certain witness to testify is without merit, where both appellant's brief and the record shows that the witness was not excluded as being incompetent, but that certain offered testimony was excluded. p. 459.

From Switzerland Circuit Court; *Francis M. Griffith,* Judge.

Action by George W. Moore against Leonard E. Smith, administrator of the estate of Minnie Merhoff, deceased. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Carroll S. Tandy* and *Hall & Hall,* for appellant.

*Cotton & Marshall, Perry E. Bear, Joseph R. Williams* and *Chalmer Schlosser,* for appellee.

ENLOE, J.—This was an action by the appellee against the appellant, as administrator of the estate of one Minnie Merhoff, deceased, to recover certain personal property and certain moneys which he alleged belonged to him, and which had been taken possession of by appellant and inventoried and appraised as being the property of said deceased.

There was a trial by the court which made a general finding in favor of appellee, that he was the owner of the property in question, as alleged in his complaint,

and entered judgment accordingly. This was followed by a motion for a new trial which being overruled, this appeal is prosecuted upon an assignment that the court erred in overruling said motion.

The questions attempted to be presented by counsel for appellant relate to the sufficiency of the evidence to sustain the decision of the court, and to certain matters of evidence. Appellee objects to said brief and insists that it does not comply with the rules of this court, and is therefore insufficient to present any question, but, while the brief is by no means a model, yet it is sufficient to present the questions hereinafter considered.

The record discloses that the deceased, Minnie Merhoff, was a maiden lady who owned, lived upon, and with the aid of hired help, operated a farm. The appellee, as disclosed by the record, had worked for her as a hired hand for several years prior to her death in September, 1920. It appears also that there was something of an estrangement between the deceased and her brother and sister, who were the legal heirs of said deceased. The appellee claimed the property involved in this suit, viz., two mules, seventeen cows, $700 in Liberty Bonds, $400 in War Savings Stamps, and $1,150.39 in currency, as his property, basing his claim upon an alleged gift of said property to him by the said deceased.

It is well settled that to constitute a valid gift *inter vivos,* that the donor must part with the title and the possession. The property given must pass under

1. the dominion and control of the donee—it must be in a situation beyond recall. *Hayes* v. *McKinney* (1920), 73 Ind. App. 105, 126 N. E. 497; *Devol* v. *Dye* (1890), 123 Ind. 321, 24 N. E. 246, 7 L. R. A. 436.

The appellant insists that as tested by these rules the decision of the court is not supported by sufficient evidence, and is therefore contrary to law.

The appellant concedes that this court cannot weigh the evidence, and that in determining whether the decision of the court is sustained by sufficient evidence we will consider only the evidence most favorable to appellee.

We find in the record the following testimony, in substance. The witness Samuel McCreary testified: That he was 78 years old,—"had known the deceased all her life time,—deceased talked with me frequently about her business affairs,—had a talk with her between the 10th and 15th of August, 1920,— I counted 20 cattle and 2 mules on her farm about a month before she died,—she asked me how I had fixed my property and I told her I had made a deed to the boys and kept a *life lease* on it, and she said that was the way she wanted to fix her farm,—she wanted to give it to Krit (appellee),—she told me that she had given all her property to him,—said she had given him three thousand dollars in money and bonds, and War Savings Stamps,—she said she had taken the money out and had counted it, and then she gave it to Krit to count and that he counted it and said there was eleven hundred dollars, and that she told him that was right, and she said she told him, 'I have given you that money and you can put it in the bank, or in your pocket, or wherever you want to put it,—it is yours, and you can do whatever you please with it.' She said that Krit Moore said to her—why not put it back in that box, and she said she told him he could if he wanted to,—and Moore put the money in the box, and she gave him the key thereto which he put in his pocket. She also said that she gave him the bonds and the stamps and that he put them away,—she said that she had already given him the cattle and the mules, and that she was going to give him the farm,—she said that Moore had helped her to make everything she had, and she wanted him to have all she

had." A number of other witnesses testified as to conversations they had with the deceased, during her life-. time, in which she made similar statements concerning the disposition she had made of her property. This testimony brought the alleged gift well within the rule, and was abundantly sufficient to sustain the decision of the court.

Among the cash items claimed by appellee was a check for $17.42 for cream sold. This check was made payable to the deceased, and appellant insists that

4. the court erred in finding that this was the property of appellee. The evidence, to our minds, abundantly establishes the ownership of the cows on the farm, as being in appellee. If he owned the cows, in the absence of a showing to the contrary, it would be but a natural inference that the milk and cream produced by these cattle was also the property of the appellee. No evidence has been called to our attention which would reasonably sustain any inference to the contrary. We are of the opinion that this check was the property of the appellee, and that the action of the court was right. There was no error in the assessment of the amount of the recovery.

The ninth and tenth specifications in the motion for a new trial are similar, but relate to different witnesses, the ninth specification being as follows: "The

5. court erred in excluding the evidence of Susie McClelland, a witness duly sworn and offered by the defendant, and in refusing to permit the said Susie McClelland to testify as a witness."

Appellant's brief discloses that this witness was called, sworn and testified concerning several matters; that during the course of her examination a question was asked this witness by counsel for appellant, to which an objection was interposed by counsel for the appellee, and which objection was sustained by the court. In

short, both appellant's brief and the record show that the witness was not excluded *as being incompetent,* but only certain *offered testimony* was excluded. It necessarily follows that there is no merit in either of said reasons.

We find no error in this record, and the judgment is affirmed.