GOELZ, EXECUTRIX, v. PEOPLE'S SAVINGS BANK ET AL.

[No. 4,409.  Filed April 29, 1903.]

GIFTS.—*Delivery.*—*Acceptance.*—*Evidence.*—*Bank Deposit.*—Decedent executed a will, by the terms of which she gave $5 to her son, and all the residue of her property to her three daughters. Thereafter she deposited in a bank, for and in the name of the son, $900, which was placed to his credit on the books of the bank, and a pass-book issued in the name of the son, which was given to decedent and kept by her until her death. About a year after the deposit was made, decedent sent to her son, by mail, a written order for him to sign, authorizing the payment of the money so deposited, on the receipt of either of them, which he returned without signing. After the death of decedent, the son's wife brought suit against him for support, and made the bank a party, asking that the money on deposit be applied toward her support, to which action he appeared and defended. *Held,* that the facts sufficiently show that decedent parted with possession of the money, a delivery thereof to a third person in trust for the son, and such an exercise of dominion over it by the son as to amount to an acceptance, to constitute a valid gift *inter vivos.*

From the Superior Court of Vanderburgh County; *J. H. Foster*, Judge.

Action by Mary A. Goelz, executrix of the last will of Mary A. Long, deceased, against the People's Savings Bank, in which Katharine Long and Joseph Bastian were, upon petition, made defendants. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*W. W. Ireland* and *William Reister*, for appellant.
*J. T. Walker* and *D. Q. Chappell*, for appellees.

WILEY, J.—Appellant, as executrix, brought her action to recover a sum of money which had been deposited in the People's Savings Bank by the decedent, which she alleged was a part of the assets of the estate. In the first instance the bank was the only defendant, and subsequently appellees, Bastian and Katherine Long, filed a petition asking

to be made defendants, which petition was granted.   Appellant thereupon filed an amended complaint, upon which issues were joined.   Trial by the court, finding and judgment for appellees.

By the assignment, the action of the trial court in overruling appellant's motion for a new trial is brought into review.   The only question raised by the motion for a new trial is that the decision is not sustained by sufficient evidence and is contrary to law.

The correctness of the ruling on the motion for a new trial must be determined upon the following statement of facts as disclosed by the record:   For some years prior to her death, Maria A. Long, the decedent, had been a widow. She had four children, consisting of one son and three daughters, all of whom survived her.   One of the daughters became executrix of her will.   The deceased was possessed of a goodly estate, composed of both real and personal property.   All of her children, excepting her son Louis, lived in Evansville, where she had for many years made her home.   Louis had been a nonresident of the State for more than twenty years.

The inventory of decedent's estate showed that she possessed personal property of the value of $3,635.75.   In 1875 Louis Long married the appellee, Katherine Long. They had born to them one child, named Josie, who is now grown and married.   In 1876, without any just cause, so far as the record shows, Louis Long abandoned his wife and child, and thereafter never contributed anything to their support.   During the twenty years he occasionally visited Evansville, but never visited his wife or child.   During all this time his wife, by her own labor, supported herself and daughter, until in recent years she became dependent upon others.   All these facts were known to the decedent.   In 1893 the decedent executed a will, by the terms of which she gave $5 to her son Louis, and all the residue of her estate to her three daughters.   The evidence

does not show that she ever made an advancement to her son.    At or about the time decedent made her will, Louis visited her at her home.    January 4, 1898, the decedent deposited in the People's Savings Bank of Evansville, Indiana, for and in the name of her son Louis Long, $900, which was placed to his credit on the books of the bank. At the time of the deposit the bank issued a pass-book in the name of Louis, showing that said sum of money had been deposited in his name and to his credit.    The pass-book was given to the decedent, who took it home with her, and kept it in her possession until her death.    About a year after the deposit was made, the decedent sent to Louis, by mail, to Nashville, Tennessee, a written order for him to sign, authorizing the payment of any money deposited in the name of either of them or both of them in said bank, to be paid upon the receipt of either of them. He received said order, and returned it to his mother without signing it.    The pass-book came into the possession of appellant upon the death of her mother, and the money so deposited was not included in the inventory she filed as a part of the assets of the estate, and no account of it was taken by her.    After the death of the decedent, Katherine Long, wife of Louis, commenced an action against her husband for support and maintenance, and made appellee bank a party.    She averred that the bank had on deposit, to the credit of Louis, said money, and asked to have it applied toward her support.    The bank, in that action, answered, admitting that it had the sum of $979.10, which included accrued interest, on deposit to the credit of said Louis, and that it had no interest in the controversy between Katherine and Louis further than that its rights be protected. At or about the time of the commencement of this suit the pass-book above referred to was delivered to Louis, and he employed counsel to appear for him in that action and protect his interests.    Such proceedings were had in that action as upon trial by the court there was a finding that

the money so deposited was the money of Louis Long, and belonged to him, and that the same should be applied to the support and maintenance of Katherine. To carry out the order of the court, appellee Bastian was appointed receiver, and by order of the circuit court, in which the case was tried, the money so deposited was ordered to be paid to the receiver, which was done.

The daughter of Louis Long testified that he told her that his mother had given him money, or deposited it for him. The evidence is uncontradicted that the decedent deposited the $900 in bank as a gift to her son. She talked to a number of her neighbors about it, and told all of them what she had done. One witness testified that, just after the decedent had returned from a visit to her son, she told him she had been to the bank and deposited money for him. The same witness testified that Louis Long told him that "if anything happened he had money here [Evansville] in bank." Notwithstanding the fact that Louis testified that he did not know that his mother had deposited money to his credit in the bank, there is an abundance of evidence for the trial court to have reached the conclusion that he did know it. When asked to sign an order so that any money deposited in the name of his mother or himself might be paid out on the receipt of either of them, and refusing to sign it, is strong evidence that he knew that the money had been deposited for him, and, in refusing to sign the order, he thereby exercised dominion over it, and recognized it as his own. There is no question but what, after his mother's death, he attempted to exercise dominion over it, for he employed counsel in a pending suit to which he was a party, wherein was involved the question of his title and right to the money, to protect his interest therein.

Counsel for appellant urge that the mere fact of the decedent depositing the money in bank to the credit of her son was not a gift *inter vivos,* because the requisites to constitute such gift were wanting.

The requisites of a valid gift *inter vivos* are that there must be a gratuitous and absolute transfer of the property from the donor to the donee, taking effect at once, and fully executed by a delivery of the property by the donor and an acceptance thereof by the donee. 14 Am. & Eng. Ency. Law (2d ed.), 1015; *Smith* v. *Dorsey*, 38 Ind. 451, 10 Am. Rep. 118; *Daubenspeck* v. *Biggs*, 71 Ind. 255; *Smith* v. *Ferguson*, 90 Ind. 229, 46 Am. Rep. 216; *Bingham* v. *Stage*, 123 Ind. 281; *Mercantile Safe Deposit Co.* v. *Huntington*, 89 Hun 465, 35 N. Y. Supp. 390; *Cambreleng* v. *Graham*, 79 Hun 247, 29 N. Y. Supp. 419; *Telford* v. *Patton*, 114 Ill. 611; *Williamson* v. *Johnson*, 62 Vt. 378, 20 Atl. 279, 9 L. R. A. 277, 22 Am. St. 117.

It must appear that the donor parted with the possession of the thing or article, in order that the donee should receive it, to constitute a delivery. *Buschian* v. *Hughart*, 28 Ind. 449.

Under the facts disclosed by the record, there is no doubt but what the decedent parted with the possession of the money deposited to the credit of her son. She evinced her intention in making the deposit by stating to her neighbors and friends that she had given the money to her son. That it was gratuitous and absolute on her part there can be no doubt. By making the deposit in the name of and to the credit of her son she lost dominion over it, and was powerless to withdraw it by check or otherwise. When a gift has become executed or consummated, and has passed from the control of the donor, it can only be revoked by the consent of the parties. *Pruitt* v. *Pruitt*, 91 Ind. 595; *Richards* v. *Reeves*, 149 Ind. 427.

It would seem from the facts disclosed by the record, that the donor made some attempt to revoke the gift, in part at least, but failed, because the donee would not consent to such revocation. The fact that the donor made no further effort to revoke it strongly tends to prove that she

recognized the gift as fully consummated. The repeated declarations of the decedent that she had made the gift strengthens the proposition.

It remains to determine whether the other requisites were present; that is, whether there was a delivery to, and an acceptance by, the donee. The fact that the decedent made the gift just after she had returned from a visit to her son may properly be considered in this connection. While there must be a delivery and acceptance to complete the gift, it does not necessarily follow that the delivery must be made directly to the donee, and, under certain conditions, acceptance will be presumed. The delivery may be made to the donee or some one for him. This rule prevails in England, and in most, if not all, states of the Union. It would take too much space to cite all the authorities in support of this proposition, and we merely cite 14 Am. & Eng. Ency. Law (2d ed.), 1017, 1018, and cases cited.

In this case the delivery was not made directly to the donee, and, if there was a delivery, it was to a third person for him. Where a delivery is thus made to a third person, the question whether the gift was thereby completed without actual delivery to the donee depends entirely upon whether the person to whom the property is delivered receives it as the donor's agent or as trustee for the donee. If, in this case, the delivery was made to the bank as the agent of the donor, the agent's authority to make delivery was revoked by the death of the donor, for the agency could not continue after the death of the principal. The delivery of the property to a third person as trustee for the donee, and not as an agent of the donor, where the latter relinquishes all dominion of the property to the trustee, is a sufficient delivery to complete the gift, which, in such case, is not revoked by the subsequent death of the donor before the property has been actually delivered to the donee. 14 Am. & Eng. Ency. Law (2d ed.), 1025, 1026; *Easly*

v. *Dye,* 14 Ala. 158; *Rinker* v. *Rinker,* 20 Ind. 185; *Miller* v. *Billingsley,* 41 Ind. 489; *Wyble* v. *McPheters,* 52 Ind. 393; *Martin* v. *McCollough,* 136 Ind. 331; *Telford* v. *Patton,* 144 Ill. 611; *Seavey* v. *Seavey,* 30 Ill. App. 625; *Ross' Appeal,* 127 Pa. St. 4, 17 Atl. 682; *Dresser* v. *Dresser,* 46 Me. 48; *Hill* v. *Stevenson,* 63 Me. 364, 18 Am. Rep. 231; *Davis* v. *Ney,* 125 Mass. 590, 28 Am. Rep. 272; *Hamilton* v. *Armstrong,* 120 Mo. 597, 25 S. W. 545; *Hagerman* v. *Wigent,* 108 Mich. 192, 65 N. W. 756; *Bump* v. *Pratt,* 84 Hun 201, 32 N. Y. Supp. 538; *Marshall* v. *Russell,* 93 Tenn. 261, 25 S. W. 1070; *Blanchard* v. *Sheldon,* 43 Vt. 512; *Second Nat. Bank* v. *Merrill,* 81 Wis. 142, 50 N. W. 503; 29 Am. St. 870.

In the case of *Devol* v. *Dye,* 123 Ind. 321, 7 L. R. A. 439, where a decedent, three days before his death, declared to the cashier of a bank, wherein he had a tin box, that it had always been his intention to give to a designated person $5,000, and that he had put $2,000 in gold in the box in a bag, and marked the name of the intended donee thereon, and directed the cashier to go to the bank and count out $3,000 more in gold coin, and put in a sack and mark it as the other, and to put $1,000 in currency in an envelope for another designated person, and put her name upon it, and then directed that in case of his death the cashier deliver the sacks and the envelope to the parties so designated, it was held that such facts constituted a delivery to the donees, as gifts *causa mortis.*

In *Caylor* v. *Caylor's Estate,* 22 Ind. App. 666, 72 Am. St. 331, where a married woman, shortly before her death, called for her nephew and was informed that he was absent, whereupon she told her husband that she then gave to her nephew all of her property which was then in the possession of her husband, and directed him to deliver it to the nephew, it was held that such facts showed a gift *causa mortis.* In the last-cited case, many of the leading authorities are collected, which support the proposition that a

delivery to a third person, for the benefit of a donee, is sufficient delivery to the latter, even though actual delivery does not precede the death of the donor. We refer to the opinion in that case, and the cases there cited, without further comment. This disposes of every question except that of acceptance.

From all the evidence in the case, and from all reasonable inferences from the facts which the trial court was authorized to draw, it sufficiently appears that Louis Long accepted the gift from his mother. The deposit was made, accompanied by repeated assertions that she had deposited the money to his credit and that she intended it as a gift, immediately or soon after she had visited him. He told his daughter that his mother had given him money, and he exercised dominion over it by refusing to permit it to be drawn from the bank by his mother. He also attempted, in a case where he was a party, and in which his right and title to the money were directly involved, to protect his interests. In such case the exercise of dominion over the subject of the gift, or an assertion of a right thereto by the donee, is evidence of an acceptance by him of the gift. *Love* v. *Francis,* 63 Mich. 181, 29 N. W. 843, 6 Am. St. 290. See, also, *Williams* v. *Smith* 66 Ark. 299, 50 S. W. 513. But if it be conceded, which is not, that he did not signify his acceptance by act, word, or deed, it does not follow that there was not, in law, an acceptance by him. The rule that requires acceptance to complete a gift rests largely upon the very reasonable ground that the donee may not desire to have the property intended as a gift, for the reason that there may be burdens growing out of its ownership which he does not desire to assume, and the law will not enforce a gift against his will. 14 Am. & Eng. Ency. Law (2d ed.), 1027, and authorities there cited. But the rule prevails that where the gift is entirely beneficial to the donee, his acceptance of it will ordinarily be presumed, unless the contrary appears. *DeLevillain* v.

*Evans,* 39 Cal. 120; *Holmes* v. *McDonald,* 119 Mich. 563, 78 N. W. 647, 75 Am. St. 430; *Green* v. *Langdon,* 28 Mich. 221; *Dunlap* v. *Dunlap,* 94 Mich. 11, 53 N. W. 788; *Love* v. *Francis, supra; Wall* v. *Wall,* 30 Miss. 91, 64 Am. Dec. 147; *Tygard* v. *McComb,* 54 Mo. App. 85; *Blasdel* v. *Locke,* 52 N. H. 238; *Frazier* v. *Perkins,* 62 N. H. 69; *Beaver* v. *Beaver,* 117 N. Y. 421, 22 N. E. 940, 6 L. R. A. 403, 15 Am. St. 531; *Matson* v. *Abbey,* 70 Hun 475, 24 N. Y. Supp. 284; *Goss* v. *Singleton,* 2 Head (Tenn.) 67; *Pope* v. *Burlington Sav. Bank,* 56 Vt. 284, 48 Am. Rep. 781. Thus, where a gift is made to a minor, who, in law, is presumed to be incapable of exercising a sound discretion over his affairs, if the gift is for his advantage, the law will accept it for him. *DeLevillain* v. *Evans, supra; Francis* v. *New York, etc., R. Co.,* 17 Abb. N. Cas. 1; *Richards* v. *Reeves,* 149 Ind. 427; *Tygard* v. *McComb, supra; Davis* v. *Garrett,* 91 Tenn. 147, 18 S. W. 113. Other illustrations might be given, but it is not necessary.

It has been held that where the donor has done all in his power to complete a gift by relinquishing possession and control of the property to a third person as trustee for the donee, the gift will ordinarily be upheld, although the donee had no knowledge of the transaction. In such case the act of the trustee in receiving the property amounts to an acceptance by him on behalf of the donee. *Davis* v. *Ney,* 125 Mass. 590, 28 Am. Rep. 272; *Brabrook* v. *Boston, etc., Sav. Bank,* 104 Mass. 228, 6 Am. Rep. 222; *Martin* v. *Funk,* 75 N. Y. 134, 31 Am. Rep. 446.

It has also been held that an exercise of domain over the subject of the gift, or an assertion of a right thereto by the donee, is an evidence of an acceptance by him of the gift. *Martin* v. *McCollough,* 136 Ind. 331; *Love* v. *Francis, supra; Hunter* v. *Hunter,* 19 Barb. 631.

It is urged by the appellant that the mere fact that one person deposits money in a bank to the credit of another,

does not constitute a gift. As an abstract proposition this is a correct statement of the law, but appellant's contention is not applicable here, for it clearly appears that it was the intention of the donor to make the gift, and the other necessary requisites are present.

There is some confusion in the authorities respecting the disposition of a bank-book, showing a deposit in the name of the donee, as affecting the rights of the parties, and there is no reasonable hypothesis upon which they can be reconciled. The weight of the authorities, however, and better reason support the proposition that, where a completely executed gift of the money deposited is shown, it is immaterial that the deposit book has not been delivered to the donee, but remains in the possession of the donor. *Minor* v. *Rogers,* 40 Conn. 512, 16 Am. Rep. 69; *Kerrigan* v. *Rautigan,* 43 Conn. 17; *Barker* v. *Frye,* 75 Me. 29; *Alger* v. *North End Sav. Bank,* 146 Mass. 418, 15 N. E. 916, 4 Am. St. 331; *Scott* v. *Berkshire County Sav. Bank,* 140 Mass. 157, 2 N. E. 925; *Blasdel* v. *Locke,* 52 N. H. 238; *Smith* v. *Ossipee, etc., Sav. Bank,* 64 N. H. 228, 9 Atl. 792, 10 Am. St. 400; *Cunningham* v. *Davenport,* 74 Hun 53, 26 N. Y. Supp. 322; *Howard* v. *Windham County Sav. Bank,* 40 Vt. 597; *Telford* v. *Patton,* 144 Ill. 611, 33 N. E. 1119.

The circuit and superior courts of Vanderburgh county, upon a fair investigation of the question as to whether the facts in this case constituted a gift, adjudged that they did, and that the title to the money deposited to the credit of Louis Long vested in him. True, the former adjudication was not binding upon appellant, because she was not a party, but we refer to the fact, in connection with the statement that the result reached by the trial court is eminently correct, and in harmony with the rights and equities of the parties.

The appellant, when she took upon herself the administration of her trust as executrix, knew of the gift to her

brother, and came into possession of the bank-book showing the deposit. She did not treat the $900 in the bank to the credit of her brother as a part of the assets of the estate, for she failed to include it in the inventory, and thus recognized it as his. Not until it had been judicially determined as between the bank, Louis Long, and his wife, that the money did belong to Louis, and ought to be applied to the maintenance of his wife, whom he had deserted, did appellant attempt to assert any right to it in behalf of the estate.

Upon the whole record, we are of the opinion that the case was correctly decided, the rights of the parties equitably adjusted, and we do not find any reversible error. Judgment affirmed.