## HAYES v. McKINNEY.

[No. 10,274.   Filed March 18, 1920.]

1.  GIFTS.—*Inter Vivos.*—*Requisites.*—*Irrevocable Delivery.*—An established intention to make a gift *inter vivos* cannot be effected after the donor's death where he failed to give legal effect to such intention by making an irrevocable delivery.  p. 109.

2.  GIFTS. — *Inter Vivos.* — *Requisites.* — *Irrevocable Delivery.*— Where the owner of bonds placed them in a safety deposit box which he rented in the name of his sister, stating at the time to an officer of the bank that he wanted his sister to have them, but retained a key to the box, and subsequently clipped the interest coupons from the bonds, which he deposited to his own account, and returned the bonds to his own box where they remained until his death, there was not such irrevocable delivery of the bonds as the law requires to constitute a valid gift *inter vivos.*    p. 110.

From Dearborn Circuit Court; *Warren N. Hauck,* Judge.

Action by Leah H. McKinney against Lora Hayes. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Martin J. Givan, Charles J. Lang, James W. Noel* and *Clinton H. Givan,* for appellant.

*T. S. Cravens,* for appellee.

ENLOE, J.—This was an action in replevin by appellee against appellant to recover three certain gravel road bonds, claimed by the appellee to belong to her, which were in the possession of the appellant.   The complaint, which was in one paragraph, was answered by a general denial, and the issue thus made was submitted to the court for trial, which, a proper request having been made therefor, made a special finding of the facts and stated its conclusions of law thereon favorable to appellee and rendered judgment accordingly.   The appellant's motion for a new trial having been overruled, she prosecutes this appeal.   The assignment of error challenges the correctness of the conclusions of law stated, and the action of the court in overruling said motion for a new trial.   The motion for a new trial challenged the sufficiency of the evidence to sustain the several findings of fact.

The facts of this case concerning which there is no dispute are as follows:   The appellee and one Jacob H.

Hayes, late of Dearborn county, Indiana, were brother and sister; that the appellant is the surviving widow of Jacob H. Hayes; that one William O'Brien, president of the People's Bank, at Lawrenceburg, with which said Hayes did business, was the personal friend, advisor, and business confidant of said Hayes; that prior to March, 1915, said Hayes had executed his will, in which he had made appellee a beneficiary of his estate to the amount of $2,000, which will was by said Hayes, in the presence of said O'Brien, destroyed on March 15, 1915; that in 1912 said Hayes had rented a safety deposit box at said bank, which box he continued to hold thereafter up to the time of his death, September 9, 1915; that on and prior to March 15, 1915, said Hayes was the owner of a number of gravel road bonds, which he kept with other papers in his said safety deposit box at said bank; that on March 15, 1915, said Hayes went to said bank and told said O'Brien that he wanted to give his sister, Leah, $2,000 in gravel road bonds, and then and there requested said O'Brien to take that amount out of his gravel road bonds; that he also then and there rented a safety deposit box in the name of his said sister, Leah H. McKinney, and paid the rent for the box; that said O'Brien then and there, at the request of said Hayes, took the three bonds in controversy in this suit, they being in the aggregate amount of $2,000, and put them in an envelope, and marked the envelope, "The property of Leah H. McKinney," and put them in the box which said Hayes had rented for his said sister; that there were two keys to said box, one of which was taken and kept by said Hayes, until the time of his death, and the other key was placed in an envelope on which was written the name of Leah H. McKinney, and said envelope left at said bank, said Hayes saying at the time to said O'Brien, "Whenever Leah wants to get in her box, there is her key"; that the appellee was not present

during any of said conversation or transaction, and knew nothing concerning the contents of said envelope until after the death of her said brother; that between March 15, 1915, and May 15, 1915, said appellee went to said bank to obtain a deed to certain real estate, and had one of the employes at the bank open the box for her, which had theretofore been procured for her by her said brother, and in which he had placed her deed, so then desired by her; that on said occasion said appellee saw, but did not open or handle, the said envelope containing the bonds in question; that about May 15, 1915, said Hayes went to said bank, opened said box, and took said bonds in question and "clipped" the coupons therefrom, and deposited the same in his own name and to his own account in said bank; that at that time he said to said O'Brien "that he believed he would put these bonds in his own box"; that he wanted Leah to have these bonds, but he intended to collect the interest on those during his lifetime; that said bonds were so removed by said Hayes and placed in his own safety deposit box, and there remained until after his death.

The twentieth and twenty-first special findings of the court were as follows: "(20) That on said 15th day of March, 1915, the said Jacob H. Hayes gave the bonds in suit to the plaintiff. (21) That on said March 15, 1915, when the said Jacob H. Hayes caused the bonds in suit to be selected for him by said O'Brien and caused said bonds so selected to be placed in said envelope and caused said endorsement to be made on said envelope and said bonds so contained in said envelope to be placed in said box 28, so rented by him for his sister, this plaintiff, he intended to give and did give said bonds to this plaintiff, and vested in her the present interest as owner of said bonds so placed in said envelope."

If the transaction in this case is upheld as a gift, it must be so upheld as a gift *inter vivos*, and it

is the contention of appellee that it was such a
1.  gift.

In *Devol* v. *Dye* (1890), 123 Ind. 321, 24 N. E.
246, 7 L. R. A. 439, the court said: "The chief distinction
between gifts *inter vivos* and those of the character here
in question, is that while the former are consummated
by delivery the title to the property is irrevocably
vested, while in the latter the title is ambulatory and
*inchoate* until the death of the donor occurs." In *Grant
Trust, etc., Co.* v. *Tucker* (1912), 49 Ind. App. 345, 96
N. E. 487, it was said: "It is the law in this state that
to make a valid gift *inter vivos,* it is essential that the
article given be unconditionally delivered in the lifetime
of the donor to the donee or to some third person for
the use and benefit of the donee. If, however, such
third person be only the agent of the donor, the death
of the latter revokes the authority of the agent, and the
gift is defeated." In the same case it was further said:
"If the property remained under the control of the
donor, though in the keeping of the bank, and the bank
was subject to his further direction as to its final dis-
position, then its relation was that of an agent." In
*Goelz* v. *People's Sav. Bank* (1903), 31 Ind. App. 67, 67
N. E. 232, it was said: "The requisites of a valid gift
*inter vivos* are that there must be a gratuitous and ab-
solute transfer of the property from the donor to the
donee, taking effect at once, and fully executed by de-
livery of the property by the donor and an acceptance
thereof by the donee  *  *  *.  It must appear that
the donor parted with the possession of the thing or
article, in order that the donee should receive it, to con-
stitute delivery." In *Crawfordsville Trust Co.* v. *Ram-
sey* (1913), 55 Ind. App. 40, 100 N. E. 1049, 102 N. E.
282, it was said, page 66: "Appellants concede that the
following elements are necessary in a gift *inter vivos:*
(1) The donor must be competent to contract; (2)

there must be freedom of will; (3) the gift must be completed with nothing left undone; (4) the property must be delivered by the donor and accepted by the donee; (5) the gift must go into immediate and absolute effect." In *Smith, Admr.,* v. *Dorsey* (1872), 38 Ind. 451, 10 Am. Rep. 118, it was said: "Gifts *inter vivos* have no reference to the future, but go into immediate and absolute effect. A court of equity will not interfere and give effect to a gift that is inchoate and incomplete."

There is in this case no contention that the bank in question was made a trustee for the keeping of said bonds and delivering them to the appellee. They were not even left in the custody of the bank, and the bank received no directions concerning them.

The question before us is simply, Do the facts in this case show a gift of the bonds in question by Jacob H. Hayes to his sister, the appellee? It cannot be questioned that said Hayes wanted his sister to have said bonds at his death; all his acts and declarations shown in evidence establish that fact conclusively. But, unless he took the proper steps to give legal effect to such wish, we, as a court, are powerless to act for him, and give legal effect to that wherein he has failed. It is not within the province of the court to give effect to "good intentions" however clearly they may be manifest, unless expressed in a manner which the law will recognize.

When we consider that no "trustee" was appointed, that Hayes kept a key to the box in question, that he collected interest falling due on said bonds in

2. May, 1915, that he removed the bonds from the box which he had rented for his sister, appellee, and replaced them in his own private box, that he said he wanted Leah to have these bonds, but that he intended to collect the interest during his lifetime, we are forced to conclude that there was no such delivery of these bonds as the law requires to constitute a valid gift

*inter vivos.* The case at bar falls far short of the cases of *Devol* v. *Dye,* and *Grant Trust, etc., Co.* v. *Tucker, supra,* in that in each of the above cases the donor had absolutely parted with dominion over the property, and placed the same in the hands of a trustee with directions.

In *Crawfordsville Trust Co.* v. *Ramsey, supra,* it was said, quoting from *Bedwell* v. *Carll* (1865), 33 N. Y. 581, " 'in the one case, the title passes immediately to the donee on delivery, and the donor has no more right over the property than any other person;    *    *    *'."

In determining whether, at the time in question, there was an absolute gift of the property, it is important to discover, if possible, the then present intent of the donor. If the said donor had, on March 15, 1915, at the time he rented said box and placed therein the bonds in question, a then present intention of then and there giving said bonds to the appellee, and of then and there vesting in her the legal title thereto, so that thereafter he would have no more right over said bonds "than any other person" who was an entire stranger to the transaction, why did he retain a key to the box? Why did he afterwards clip the coupons therefrom? Why did he afterwards replace said bonds in his own private box? Each and all of these acts were inconsistent with the idea of an "executed gift"; but, also, each and all of said acts were entirely consistent with an intention on the part of said Hayes that his said sister, the appellee, should come into the possession and ownership of said bonds at his death; and it would seem that he chose this manner in an endeavor to accomplish the object which had been theretofore provided for by him in his will, then by him destroyed.

We must therefore hold that the court's said findings numbered 20 and 21 are not sustained by sufficient evidence.

The judgment is therefore reversed, with directions to sustain appellant's motion for a new trial, and for further proceedings.