FIRST & TRI-STATE NATIONAL BANK AND TRUST
COMPANY *v.* CAYWOOD.

[No. 14,163.   Filed July 3, 1931.   Rehearing denied October 1,
1931.   Transfer denied January 31, 1933.]

592

*O. E. Fuelber*, for appellant.
*William N. Ballow*, for appellee.

KIME, J.—This action originated by reason of a claim filed by Delta Caywood, appellee herein, against the estate of Leo John Parrish, deceased. The appellee filed her verified claim in the above estate "for certificate of deposit made payable to her or Leo John Parrish cashed by administrator after decedent's death, a gift to this claimant. $1,000.00." There was a request for a special finding of facts and conclusions of law, in which claimant joined. The cause was submitted to the court for trial without the intervention of a jury, and the following is a brief outline of the facts:

It appears from the evidence that John Parrish, deceased, was related by marriage to appellee. Decedent resided in Fort Wayne, and on various occasions visited the home of appellee in Warsaw. There is evidence to the effect that during decedent's lifetime he deposited in the Tri-State Loan and Trust Company of Fort Wayne $1,000.00, and caused to be issued a certificate of deposit payable to Leo J. Parrish or Delta Caywood. This certificate of deposit was dated November 26, 1927. Zerma Phelps, a witness introduced in behalf

of claimant, testified that in September, either '27 or '28, she was on her front porch, which was about 30 feet from the porch of appellee, and saw appellee on the porch with her (appellee's) husband and John Parrish, and that she overheard some conversation and statements made by Parrish. She further testified that she saw Parrish hand Mr. Caywood a paper and say, "Jim, I want you to see what I have given Delta. There is a check over at the Tri-State Bank at Fort Wayne, and at my death there is a thousand dollars for her. This is made payable either to me or her." Parrish then took the paper back into his possession and put it into his pocket. On cross-examination she testified that he (Parrish) said, "Jim, I want you to see what I have here. I want you to see this. At my death I have a thousand dollars for Delta in the Tri-State Loan and Trust Company at Fort Wayne. It is for her at my death." This language emphasizes the fact that this was not to be hers until his death.

Peter M. Certia testified that he is an officer of appellant executor, and that a certificate of deposit to "L. J. Parrish or Mrs. Delta Caywood" in the principal amount of one thousand dollars was given into his possession, as trust officer of appellant, after the death of decedent. The certificate reads as follows:

"No. 66332.
Tri-State Loan and Trust Company
Certificate of Deposit.

Fort Wayne, Indiana,
Nov. 26, 1927.
$1,000.00.

Not subject to check.

There has been deposited with this Company . . . One Thousand and No/100 . . . Dollars payable to the order of L. J. Parrish or Mrs. Delta Caywood, in accordance with the rules of the Company, in current funds on the return of this certifi-

cate properly endorsed. With interest at the rate
of FOUR per cent per annum if left not less than
Four Months. No interest after one year.

TRI-STATE LOAN AND TRUST CO.,
Chas. A. Wilding, President.

R. M. Henry, Teller.

ENDORSEMENTS

Int. due 7/18/28 @ 4%, $25.78

THE TRI-STATE LOAN AND TRUST CO.,
Executor.
L. J. Parrish Estate.
By A. H. Otting,
Dgr. Trust Officer."

This was endorsed by executor, as he had a right to do
under Sec. 3862 Burns Ann. Stat. 1926. Witness
■ also testified that decedent died very shortly prior
to the 7th day of June, 1928.

Robert Caywood, thirteen-year-old son of claimant at
the time he testified, which shows that he was only ten
years old in 1927, testified that decedent said to him,
"I have one thousand dollars on deposit at the Tri-State
Bank at Fort Wayne, and whenever I die it is to be your
mother's." This boy also stated that he saw the dece-
dent give his mother (the claimant) money on several
occasions "for interest on one thousand dollars he had
in the Tri-State." There was other testimony by this
boy as to the amount of money that decedent gave his
mother on these occasions and to the effect that dece-
dent had also given his father and himself small
amounts at different times. Delta Caywood, claimant
and appellee herein, called as a witness on behalf of
decedent, testified that she at no time had any money
on deposit in the Tri-State Loan and Trust Company
and had furnished none of the money which this cer-
tificate of deposit represented. This was the substance
of the testimony offered, and the court made the follow-
ing findings of fact and conclusions of law based
thereon:

"(1) That John Parrish in his lifetime deposited in the Tri-State Loan and Trust Company of Fort Wayne, Indiana, $1,000.00 and caused to be issued a certificate of deposit payable to Leo J. Parrish or Delta Caywood. That at the time Leo J. Parrish resided in Fort Wayne, Indiana; that thereafter he went to the home of Delta Caywood in Warsaw, Indiana, and in the presence of others informed her of the fact that he had so deposited the money and that it was to be hers at his death, and that he had given it to her, and that she had been good to him. Thereafter he paid her money as interest on the money so deposited. That Delta Caywood was related by marriage to John Parrish. That at his death the certificate was found among his belongings by the executor of his estate.

"(2) The court further finds that it was the intention of Leo J. Parrish in so depositing said money to create a trust fund for Delta Caywood that should be paid to her at his death, and that he placed it in their joint names so that he could look after it, and that he did draw interest and pay the same to her in installments. That said certificate was endorsed by decedent's executor and deposited to the credit of said estate, and is now a part of the funds of said estate.

"(3) That said money is in possession of defendant with interest due, at his death, in the sum of $1,025.78.

"CONCLUSIONS OF LAW.

"(1) That said $1,000.00 became a trust fund and that Delta Caywood was the beneficiary thereof and was entitled thereto at the death of said Leo J. Parrish.

"(2) That the claim of Delta Caywood should be allowed in the sum of $1,025.78."

The judgment follows the conclusions of law and is in favor of claimant on her petition. Appellant filed a motion for a new trial, which was overruled and an exception reserved. Appellant relies upon its excep-

tions to each of the conclusions of law, maintaining that such conclusions were not justified by the special findings of facts, and also on the court's ruling upon the motion for a new trial as errors for reversal. Under the motion for a new trial appellant has set forth: (1) That the special findings of facts of the court herein are contrary to law. (2) That the special findings of facts made by the court herein are not fairly supported by the evidence. (3) That the special findings of facts made by the court herein are not sustained by sufficient evidence. The first point is waived by appellant, and the second point is not ground for a new trial under Sec. 610 Burns Ann. Stat. 1926. There are other points set forth under the motion which we do not deem it necessary to here set out, and for the sake of brevity we will consider the third proposition, as it is the only proper assignment which requires this court to review the evidence.

Among other things the trial court found "that Leo J. Parrish went to the home of Delta Caywood . . . and in the presence of others informed her of the fact that he had so deposited the money and that it was to be hers at his death, and that he had given it to her, and that she had been good to him." Words alone are not sufficient to constitute a gift inter vivos, but there must be a delivery by the donor and an acceptance by the donee. A gift inter vivos is the voluntary act of transferring the right to and the possession of a chattel whereby one person renounces and another acquires immediate right and title thereto, and which cannot be made to take effect in the future. *Reasner, Admr.,* v. *Bohne* (1921), 76 Ind. App. 114, 129 N. E. 490; *Walsh's Appeal* (1888), 122 Pa. St. 177, 15 Atl. 470, 1 L. R. A. 535, 9 Am. St. 83. The donor must part with the title and possession, and the property must pass under the dominion and control of the

donee, and be beyond recall. *Smith, Administrator*, v. *Moore* (1922), 77 Ind. App. 455, 133 N. E. 837; *Hayes* v. *McKinney* (1920), 73 Ind. App. 105, 126 N. E. 497; *Devol* v. *Dye* (1890), 123 Ind. 321, 24 N. E. 246, 7 L. R. A. 436. It is the opinion of this court that ■ this could not have been a gift inter vivos because many of the above essential elements are lacking. We cannot say that delivery to the bank was delivery to the donee or an agent of hers, or that Parrish parted with title or possession, or that the gift was beyond recall. Appellee contends that no rights of ownership were ever exercised over said money by decedent, and says the evidence shows and the court found that decedent paid appellee interest on the money, and that these facts shows a consummated gift and negates ownership of decedent. We are not in accord with the contention of appellee for the reasons above stated.

The court further found "that it was the intention of Leo J. Parrish in so depositing said money to create a trust fund for Delta Caywood that should be paid to her at his death, etc."

This brings us to the question of whether or not the evidence adduced was sufficient to justify the trial court in finding that Parrish intended to create a trust ■■ fund for appellee. Having carefully reviewed the testimony, and also having in mind the fact that there was testimony that the various sums given appellee by Parrish at different times constituted interest payments on the money deposited by Parrish, we cannot reconcile the inconsistency of the court's finding that decedent Parrish "had paid her money as interest on the money so deposited," that "he drew interest and paid same to her in installments," and the further finding that claimant was entitled to $1,025.78, which was the principal amount of the certificate plus *all* accrued interest from the time of its issuance. There is no

evidence that there was a former certificate, and a bank trust officer said it was his opinion that there was none. Having given every consideration to the testimony we are of the opinion and the facts strongly indicate and tend to show that decedent Parrish attempted to make a gift of $1,000.00 to appellee, same to take effect at his death. It is clear and undisputed that appellee's interest in the deposit was to be postponed until the death of the depositor. There was no gift or trust, but merely an attempt to do that in the future which can only be done by will. This court must adhere to the well established principle that where an intended gift is incomplete or imperfect and there is insufficient evidence to establish a trust, it will not, on account of such imperfection, convert the imperfect gift into a declaration of trust in order to effect the intention of the donor.

Judgment reversed, with instruction to grant motion for a new trial.