KRATLI *v.* STARKE COUNTY TRUST AND SAVINGS BANK ET AL.

[No. 14,608. Filed December 23, 1932.]

*Oscar B. Smith,* for appellant.

BRIDWELL, J.—On the 21st day of January, 1929, one John G. Kratli died testate, and thereafter his·will was duly probated in the Starke Circuit Court, and letters of administration were issued to the Starke County Trust and Savings Bank as executor in accordance with the provisions of the will, and such bank qualified and entered upon the discharge of its duties as such executor. Beneficiaries named in the will were the appellant, a second childless wife of the decedent, and six children of the deceased, by a former wife. After the probation of the will the widow duly executed and filed her election to take under the law instead of under the will. During the course of administration a question and dispute as to the ownership of 16 shares of the capital stock of the Starke County Trust and Savings Bank arose between the interested parties, some contending that said stock was an asset of the decedent's estate, and appellee, William F. Kratli, asserting that he was the owner and entitled to have the certificate of stock

assigned and transferred to him on the books of said bank, and demanding that same be done.

After this controversy arose the executor filed its ex parte petition, informing the court that it had found this certificate of stock among other papers belonging to said decedent and that it had been inventoried as an asset of the estate, and also as to the different claims concerning the ownership that were being made, and praying that the court hear and determine the controversy and enter a proper order authorizing petitioner to transfer the certificate of stock to the said William F. Kratli if, after hearing, he was found to be the owner and entitled to have transfer made.

Thereafter the widow, appellant herein, filed her ex parte petition in said estate, and, among other things, alleged that the capital stock involved, was, as she believed, the property of the decedent's estate, and that the ownership thereof should be determined.

These two petitions were submitted for hearing at the same time and, upon request of appellant, a special finding of facts was made by the court. After the making of this finding, but before its filing of the statement of any conclusions of law thereon, all legatees and devisees under the will of the deceased, except John O. Kratli, appeared, and his widow appeared, and all these appellees filed their written consent that the court render its decision on the special finding of facts theretofore made, and determine the ownership of the bank stock in question.

The special finding of facts, relative to the matter of the ownership of the bank stock, is summarized as follows: On the 19th day of June, 1916, the decedent, John G. Kratli, became the owner of said 16 shares of the capital stock of the Starke County Trust and Savings Bank, which ownership was evidenced by certificate number seven of the certificates of capital stock issued

by said bank, and this certificate was never transferred upon the official books or records of said bank to any other person or persons; on June 8, 1924, the said decedent "caused to be written upon the back of said certificate of stock number seven the following endorsement: 'For value received I hereby sell, assign and transfer unto Frank W. Kratli —— shares of the capital stock represented by the within certificate, and do hereby irrevocably constitute and appoint James C. Fletcher attorney to transfer the said stock on the books of the within named corporation, with full power of substitution in the premises. Dated June 8, 1924. In the presence of Henry F. Schricker. John G. Kratli.' "; that the Frank W. Kratli named as assignee in the endorsement appearing on the back of said certificate is the appellee William F. Kratli; that several years prior to his death the said decedent leased from the said bank a safety deposit box located in its vault, in which he kept his private papers and that he continued to lease such box, and had it leased at the time of his death; that said certificate of stock was kept in said safety deposit box, and was found therein by the executor of his last will, subsequent to the decedent's death; that there were two keys to said box, one of which was in the possession of the decedent at the time of and prior to his death, the other in the possession of said bank; that frequently, during the summer of 1928, the appellee William F. Kratli accompanied his father, the decedent, to said bank; that from time to time, both before and after the making of the endorsement on the back of the certificate of stock acquired and owned by the decedent, the said Starke County Trust and Savings Bank declared dividends on the capital stock of said bank and all of such dividends on certificate of stock number seven were paid to John G. Kratli, the decedent.

Upon this finding of facts the court stated two con-

clusions of law as follows: (1) That the certificate of stock in the Starke County Trust and Savings Bank, as set out in the petition, is owned by William F. Kratli; (2) that the Starke County Trust and Savings Bank make the proper transfer of said stock to William F. Kratli. Appellant excepted to each conclusion of law. Judgment was then rendered as follows: "It is therefore adjudged and decreed by the court that William F. Kratli is the owner of the certificates of stock in the Starke County Trust and Savings Bank, a corporation, to wit: (Here certificate No. 7 of said stock, and the endorsement thereon are copied) and entitled to a transfer of same on the books of the company to himself, William F. Kratli."

Appellant filed her motion to modify the judgment and her motion for a new trial, each of which was overruled, with an exception by appellant to each ruling, and this appeal followed. Among other errors assigned and relied upon for reversal are the overruling of the motion for a new trial, that the court erred in its conclusion of law number one, and that the court erred in its conclusion of law number two.

The motion for a new trial contains, among other alleged reasons therefor, the following: (1) The decision of the court is contrary to law; (2) the decision of the court is not sustained by sufficient evidence.

No brief has been filed by any of the appellees, and, under the rules and decisions of the Supreme Court and this court, the failure to file brief in support of a judgment appealed from, may be deemed a confession of error provided the appellant's brief makes a prima facie showing of reversible error. *Bryant* v. *School Town of Oakland City* (1930), 202 Ind. 254, 171 N. E. 378; *McKinnon* v. *Zechiel* (1931), 93 Ind. App. 1, 177 N. E. 333.

Appellant contends that the court's special finding of

facts fails to show that there was any gift or sale of the bank stock involved, to the appellee William F. Kratli, and that the court therefore erred in each of its conclusions of law. We are of the opinion that the contentions made must be sustained.

The special finding of facts, a resume of which is heretofore stated, shows that the decedent never relinquished control of the bank stock; that he kept it in his own safety deposit box at all times until his death; that he drew the dividends declared upon the stock after the making of the endorsement thereon, as well as prior thereto. There is no finding that there was ever any delivery, either actual or constructive, of the certificate of stock to the appellee, William F. Kratli, and after a careful reading of the evidence in the record we fail to find any evidence that would sustain any such a finding had it been made. The endorsement of the stock certificate was executed on June 8, 1924, and decedent lived until January 21, 1929, continuing to hold such certificate in his own possession and to draw all dividends declared thereon.

The only theory upon which any contention could be made that the judgment of the court below should be upheld under the finding made and the evidence received, is that there was a gift *inter vivos*. This record does not disclose any such gift. Before there can be a valid gift *inter vivos* there must be a gratuitous and absolute transfer of the property from the donor to the donee, taking effect at once, and the gift must be fully executed by delivery of the property by the donor to the donee or to some third person for the use and benefit of the donee. It must appear that the donor intentionally parted with the possession of the property, in order that the donee should receive it, to constitute delivery. *Hayes* v. *McKinney* (1920), 73 Ind. App. 105, 126 N. E. 497; *Devol* v. *Dye* (1890),

123 Ind. 321, 24 N. E. 246; *Warner* v. *Keiser* (1931), 93 Ind. App. 547, 177 N. E. 369.

The evidence is not conflicting and there is evidence to prove the facts found by the court. From the facts found it appears that the bank stock in question is property belonging to the estate of John G. Kratli. It follows that the court erred in each of the conclusions of law stated. No other alleged error need be considered.

Judgment reversed with instructions to the court below to restate its conclusions of law and to enter judgment in conformity with this opinion.