CUNNINGHAM *v.* TEAGUE ET AL.

[No. 15,518.  Filed December 14, 1937.  Rehearing denied March 10, 1938.]

*Frank Seidensticker, William A. Peden* and *Seidensticker, Schmollinger & Seidensticker,* for appellant.

*Thayer & Howard,* for appellees.

BRIDWELL, J.—This action was brought by appellant against the appellees to recover damages for an alleged conversion by them of sixty-five shares of stock of The Railroadmen's Building and Savings Association, appellant averring that she was the owner of one-half of said stock at the time of its conversion. Appellees each filed an answer of general denial to the complaint, and upon the issues so formed the cause was submitted to the court for trial, which resulted in a finding and judgment for appellees. In due course appellant filed her motion for a new trial, averring as causes therefor, that the decision of the court is not sustained by sufficient evidence; that the decision of the court is contrary to law; and error in the exclusion of certain offered evidence. This motion was overruled; appellant excepted, and thereafter perfected this appeal, assigning as error the overruling of said motion.

The material facts necessary to be considered in determining the legal rights of the parties are established by evidence that is not conflicting. Appellant's right to recover in the trial court, and to a reversal of the judgment appealed from, depends upon whether she became the owner of the interest claimed by her in the stock here involved by gift *inter vivos* from one Tracy Price who died October 17, 1933.

It appears that appellee The Railroadmen's Building and Savings Association issued to persons desiring to invest therein, a class of stock designated as Installment Investment Stock, the ownership of which would be evidenced by a pass book issued to the investor. The amount of such stock held by any person was subject to increase by deposit of additional moneys or by dividends declared, and subject to decrease by withdrawal of funds previously invested. By order of the board of directors of said association it was required that the pass book issued to the owner of stock be presented

when funds were withdrawn. In the pass book, among other things, the following admonition appears under the heading "Depositors Remember": (1) "That you are to bring this book with you when you want to deposit or withdraw money. (3) That when you have withdrawn the entire balance of deposits and dividends credited to you this stock and account will be canceled."

On December 22, 1914, pass book number 13913 was issued by appellee association showing an original investment of $100.00, the ownership of the stock as evidenced by said book being at that time in Tracy Price, or Howard Cunningham, who was her son. The account stood in the names of these two persons until October 28, 1929, when the name of Howard Cunningham "was taken off" because of his death. On November 18, 1929, Tracy Price, accompanied by appellee Mabel Teague and appellant, or by appellant only (the evidence being in conflict as to this), went to the place of business of the appellee association taking with her the pass book, and upon that occasion caused an entry to be made in said book which she signed and which the secretary of the association attested, and which is as follows:

"FOR VALUE RECEIVED, I hereby transfer and assign the within stock No. 13913 to Tracy Price or Mabel Teague or Georgia Cunningham, Joint Account: Payable to the order of either of them before or after the death of the other this 18th day of Nov. 1929."

Appellant's testimony as to what occurred on the day this entry was made, we quote from the record as follows:

"Q. I will ask you to tell the Court, directing your attention to November 18, 1929, whether you went to the Railroadmen's with Mrs. Price.
"A. I certainly did.
"Q. Tell the court what was done there at that

time with reference to this book that has been testified to.

"A. She taken me down at the Railroadmen's and went in and went up to Mr. Pierce. She said to Mr. Pierce, 'Can I have a joint account made three different ways?' She said, 'I want two names put on besides my own. This is my son's widow, and I want her name on there and Mabel Teague's, my niece.' I signed the card, and I signed my name on the back of her book, and we went over to the Foodcraft Shop where Mrs. Teague was and she told Mabel what she had done, when we went over to the Foodcraft Shop, she said, 'I will go over and tell Mrs. Teague what I have done.' She said to them, 'I will send Mrs. Teague over, and she can put her name on.' She said to her, 'I will give Sissie, she always called me Sissie, half, and leave the other half to you,' and she said, 'As the money is left to you and Sissie and I, there will never be no trouble, we will just be fifty-fifty.' "

No other entry relating to the ownership of said stock was made in said pass book until July 22, 1930, when the name of appellant was stricken from the entry of November 18, 1929, and the following entry made:

"FOR VALUE RECEIVED, I hereby transfer and assign the within stock 13913 to Tracy Price or Mabel Teague this 22nd day of July, 1930."

This entry was signed by Tracy Price, and was attested by the secretary of the association, and is the last entry bearing upon the question of ownership of the stock. The pass book was retained by Tracy Price and was in her possession at all times except upon some occasions when she would desire to withdraw a part of the funds invested and for that purpose would turn said book over to appellant, who would present same to appellee association and secure for her the money desired, returning said pass book when the transaction was completed. The receipts for money withdrawn were all signed by Tracy Price, and no person other than she

ever withdrew or attempted to withdraw any of the funds invested in said stock during her lifetime. So far as the record shows, the last withdrawal of funds was on September 11, 1933, and the face value of said stock remaining after this withdrawal was $6,043.09. This amount was withdrawn by appellee Teague after the death of Tracy Price, and pass book number 13913 was stamped "Canceled by withdrawal" October 24, 1933, by the appellee association.

It also appears from the evidence that Tracy Price died testate, it being stipulated that her will was made June 29, 1933. Appellant was a legatee in the will but the amount of her legacy is not shown. From exhibits introduced in evidence it appears that Mabel Teague was executrtix of the estate, and that the State Board of Tax Commissioners, pursuant to section 18 of the Inheritance Tax Law of the State of Indiana, gave its consent to the appellee association "to transfer 20 shares stock book number 13913 belonging to the estate of Tracy Price, deceased, to the executrix, Mabel Teague, of said estate."

Appellant of necessity relies upon what took place in the office of the association on November 18, 1929, as constituting a gift *inter vivos* to her. Do the facts proven sustain her contention in this respect? It is well established that before there can be a valid gift *inter vivos* there must be a gratuitous and absolute transfer of the property from the donor to the donee taking effect at once, and the gift must be fully executed by a delivery of the property by the donor to the donee, or to some third person for the use and benefit of the donee. It must appear that the donor intentionally parted with control over the property given in order that the donee should receive it, to constitute delivery. *Jacobs* v. *Jolley* (1902), 29 Ind. App. 25, 62 N. E. 1028; *Goelz* v. *People's Savings Bank*

(1903), 31 Ind. App. 67, 67 N. E. 232; *Grant Trust and Savings Company* v. *Tucker* (1912), 49 Ind. App. 345, 96 N. E. 487; *Hayes* v. *McKinney* (1920), 73 Ind. App. 105, 126 N. E. 497; *Warner et al., Admrs.* v. *Keiser et al., Executors* (1931), 93 Ind. App. 547, 177 N. E. 369; *Kratli* v. *Starke County, etc., Bank* (1932), 95 Ind. App. 402, 183 N. E. 696; *Devol et al.* v. *Dye et al.* (1890), 123 Ind. 321, 24 N. E. 246; *The Gammon Theological Seminary* v. *Robbins et al.* (1891), 128 Ind. 85, 27 N. E. 341; *Duffield* v. *Rader* (1937), 288 Ill. App. 184, 6 N. E. (2d) 228; *Streeper* v. *Myers* (1937), 132 Ohio St. 322, 7 N. E. (2d) 554.

In the instant case Tracy Price, the claimed donor, never parted with her dominion over the property in question. By the very terms of the entries made in the pass book on November 18, 1929, and on July 22, 1930, she reserved the right to have the fund paid to herself. She kept the pass book in her own possession and from time to time exercised her right to withdraw funds as desired or needed. Approximately eight months after the date of the claimed gift to appellant she asserted and exercised control over the investment by presenting the pass book and having the fund made payable to herself or Mabel Teague. She continued from time to time to make withdrawals from the fund until shortly before her death, which occurred more than three years after the date of the last entry in the pass book authorizing payment to anyone other than herself. It seems clear that she did not intentionally part with control over this investment stock at any time, and this she must have done in order to make a valid gift *inter vivos*. (See authorities heretofore cited.) We conclude that the decision of the court is sustained by sufficient evidence, and is not contrary to law.

Another reason asserted as a cause for a new trial

relates to the ruling of the court in excluding certain evidence. The question asked, to which objection was made and sustained, sought to elicit information concerning withdrawal notices on file with appellee association at the time of the final transaction in connection with the investment stock represented by pass book number 13913. Had this evidence been admitted it would not have even tended to prove that a gift *inter vivos* had been made to appellant, and therefore, the ruling, if erroneous, did not constitute available error requiring a reversal of the judgment rendered by the trial court.

The court did not err in overruling the motion for a new trial.

Judgment affirmed.