MICHAEL *v.* HOLLAND.

[No. 16,674.   Filed March 24, 1942.]

Samuel J. Mantel and George P. Doyle, both of Indianapolis, for appellant.

Rhoads & Jacobs and Karl M. Jacobs, all of Indianapolis, for appellee.

BEDWELL, P. J.—This appeal involves the question of the legal sufficiency of evidence to establish a valid gift of a simple debt by a creditor to his debtor.

The appellant, Joseph L. Michael, filed an action against the appellee, Albert Holland, to recover the sum of $300 which appellant claimed was due him because of a loan made to appellee. The cause was tried by the court which made a special finding of facts and stated conclusions of law thereon.

Appellant filed a timely motion for a new trial and he is appealing from the action of the trial court in overruling the same. The specified grounds thereof upon which he relies are that, (1) the finding of the court is not sustained by sufficient evidence, and, (2) the finding of the court is contrary to law.

Appellant is contending that the evidence was insufficient to sustain paragraphs numbered seven (7) and eight (8) of the finding of the trial court, which were as follows:

"7. That plaintiff by accepting defendant's check for the amount of $150 and his conversation at the time in accepting the same, as hereinbefore set out, executed a gift to the defendant for the residue of said loan.

"8. That the gift of the residue of said loan was further supported by the consideration of the expectancy of defendant continuing purchasing merchandise from the Michael Company, which defendant did do for over four (4) years thereafter."

The remainder of the finding of facts shows, in substance, the following: That at all times during the transaction upon which the cause of action is predicated, the appellant was engaged in selling groceries and merchandise for the J. P. Michael Company, wholesale grocers. That the appellee, until August, 1934, and for several years prior thereto, was in charge of the purchase of foodstuffs for the Wm. H. Block Company

and as such purchased merchandise from the J. P. Michael Company through the appellant. That subsequent to August, 1934, the appellee left the employ of the Wm. H. Block Company and started to operate his own restaurant and continued to purchase foodstuffs from the J. P. Michael Company for himself as owner of such restaurant. That during the month of May, 1934, and prior thereto, the appellant and appellee each had brokerage accounts with a brokerage firm, and in May, 1934, the appellant, at the request of the appellee, caused the sum of $300 to be transferred from his account to the account of appellee, and in July, 1934, the further sum of $150 was transferred, at the request of appellee, from appellant's account to appellee's account; that because of such transfers the appellee became indebted to appellant in the sum of $450. That during the month of August, 1934, the appellee paid the appellant the sum of $150, which payment was made by a check written by the appellant and signed by the appellee, and at that time appellant stated that the sum of $150 was all that he wanted; that appellee had purchased considerable merchandise of the J. P. Michael Company and appellant desired to show his appreciation for such orders. No payments were made on account of such loan except such sum of $150, and no demand was made by appellant for the balance of the loan until October of the year 1938; that prior to such time the appellee had continued to purchase foodstuffs from such company.

The trial court stated as a conclusion of law upon the foregoing finding of facts that the appellant executed a gift to the appellee of the balance of said loan in the sum of $300, which gift was supported by previous benefits received from appellee and the expectancy of appellant receiving further benefits from the appellee.

The judgment of the trial court was that the appellant take nothing by his action.

The evidence is practically without conflict as to all matters, except what occurred in August of 1934, between the appellant and the appellee, when the appellee made a payment of $150 upon his indebtedness. The appellee testified that the $150 was repaid at the office of appellant and that the appellee went to see the appellant personally to repay the money. He further stated that he told the appellant that he had received his commission from Block's and he had come to pay him what was owing; that he pulled out his check book and said he wanted to pay him, whereupon appellant picked up the check book and filled out the check for $150; that appellee stated to appellant that the amount owing was $450, but appellant said that he appreciated all that the appellee had done for him; that he had never given him anything; that the appellee then stated that he didn't want anything and that his job meant more than the $300; that appellant told him to forget it and thereupon appellee signed the check and nothing further was done until he received a letter from appellant requesting payment.

Upon cross-examination the appellee further stated that when appellant wrote the check for $150 that he (appellee) stated that he did not want to feel obligated or feel that he would have to buy from appellant in the event that he received better prices elsewhere; but appellant told him, "There's nothing attached to this, you are under no obligation to me at all. There are no strings attached to this." The appellant denied the conversation recited by appellee.

Upon many occasions this court and the Supreme Court of this State have passed upon the requisites of

a gift *inter vivos*, where the subject of the gift ■ is a chattel or a chose in action that is evidenced by a written instrument such as a bank deposit, corporate stock, a negotiable instrument, a bond or check; but as far as we have been able to ascertain, no case in this State has dealt with the question of what constitutes a good forgiveness of a simple debt due from the donee to his donor. It is well settled here, as well as in other jurisdictions, that the delivery of the written instrument evidencing an obligation to pay, such as a note or bond, with intent thereby to give the debt to the donee, is a good gift of the debt.

In the case of *Reasner, Admr.* v. *Bohne* (1921), 76 Ind. App. 114, 118, 119, 129 N. E. 490, this court considered the sufficiency of evidence to show a valid gift of a promissory note, and reviews many decisions in this and other jurisdictions. The court there held that the evidence was insufficient to support a finding that the note in question was delivered or that the decedent had surrendered dominion over it. Among the rules of law which the court quotes from opinions in this and other jurisdictions are the following:

(A). "A gift *inter vivos* of personal property may be defined as the voluntary act of transferring the right to and the possession of a chattel, whereby one renounces, and another acquires immediate right and title thereto. It cannot be made to take effect in the future."

(B). "An agreement or promise to make a gift, being without consideration, is void. . . . There must be both an intention to give and a stripping of the donor of all dominion or control over the thing given. . . . The change of the title is and must be irrevocable. . . ."

(C). "The delivery must be of possession, of the dominion and of the control of the property.

> The transfer must be so complete that, if the donor again assumes control over the property without the consent of the donee, he becomes liable as a trespasser. And so essential is delivery as a factor in the transaction that it has been said: 'Intention cannot supply it; words cannot supply it; actions cannot supply it. It is an indispensable requisite, without which the gift fails, regardless of the consequences.' "

In the case of *Cunningham* v. *Teague* (1938), 105 Ind. App. 46, 50, 11 N. E. (2d) 525, the court considered the sufficiency of evidence to establish a gift of stock in a building and savings association. The court lays down the applicable rule as follows:

> "It is well established that before there can be a valid gift *inter vivos* there must be a gratuitous and absolute transfer of the property from the donor to the donee taking effect at once, and the gift must be fully executed by a delivery of the property by the donor to the donee, or to some third person for the use and benefit of the donee. It must appear that the donor intentionally parted with control over the property given in order that the donee should receive it, to constitute delivery. *Jacobs* v. *Jolley* (1902), 29 Ind. App. 25, 62 N. E. 1028; *Goelz* v. *People's Savings Bank* (1903), 31 Ind. App. 67, 67 N. E. 232; *Grant Trust and Savings Company* v. *Tucker* (1912), 49 Ind. App. 345, 96 N. E. 487; *Hayes* v. *McKinney* (1920), 73 Ind. App. 105, 126 N. E. 497; *Warner et al., Admrs.* v. *Keiser et al., Executors* (1931), 93 Ind. App. 547, 177 N. E. 369; *Kratli* v. *Starke County, etc., Bank* (1932), 95 Ind. App. 402, 183 N. E. 696; *Devol et al.* v. *Dye et al.* (1890), 123 Ind. 321, 24 N. E. 246; *The Gammon Theological Seminary* v. *Robbins et al.* (1891), 128 Ind. 85, 27 N. E. 341; *Duffield* v. *Rader* (1937), 288 Ill. App. 184, 6 N. E. (2d) 228; *Streeper* v. *Myers* (1937), 132 Ohio St. 322, 7 N. E. (2d) 554."

In this case the subject of the claimed gift had no corporeal existence. It was a pure chose in action without palpable form, and there was no document, ▉ symbol or token that was evidence of title to it. As far as the evidence indicates there was not even a book account kept by appellant evidencing the indebtedness of appellee. While there is authority to the effect that where there is no written evidence of a debt, since no delivery can be made, there can be no gift, *Doty* v. *Wilson* (1871), 5 Lans. (N. Y.) 7, the great weight of authority in other jurisdictions, and we think the better rule, is that a gift of a simple debt without palpable form by the creditor to the debtor cannot be made effective without the execution and delivery of some instrument or the performance of some act or acts placing the debt beyond the legal control of the creditor. 24 Am. Jur., Gifts, § 71, p. 767; *Millett* v. *Temple* (1932), 280 Mass. 543, 182 N. E. 921, 84 A. L. R. 378, with annotation on page 383; Anno: 37 A. L. R. 1144.

The above case and the annotations call attention to numerous decisions in other jurisdictions sustaining the general proposition.

The only evidence of a gift herein was the oral testimony of appellee. The mere fact that appellant wrote a bank check for $150, and that same was signed ▉ by appellee, is of no aid as written evidence of a gift. As was said by this court in *First, etc., Trust Co.* v. *Caywood* (1933), 95 Ind. App. 591, 596, 176 N. E. 871, "Words alone are not sufficient to constitute a gift *inter vivos*, but there must be a delivery by the donor and an acceptance by the donee."

It is the further contention of appellee that if the evidence is insufficient to show delivery of the subject

of the gift that we have here a promise to forgive a debt supported by sufficient consideration, and that this results in a binding contract which relieves appellee. Although appellee does not so state, his brief indicates that he thinks the evidence is sufficient to show an accord and satisfaction or a release of the balance of the indebtedness due from appellee to appellant. Appellant is correct in his assertion that there is no such thing as a gift upon consideration.

A gift has been judicially defined as a voluntary transfer of property by one to another without any consideration or compensation therefor. 24 Am. Jur., Gifts, § 2, p. 730.

In *Cunningham* v. *Teague, supra,* the court in describing a valid gift recites, "there must be a *gratuitous* and absolute transfer of the property from the donor to the donee taking effect at once." (Our italics.)

It is also well established that the payment of a smaller sum than is due on a liquidated claim, with no other element of accord in the transaction, is not satisfaction of the debt even though accepted as such at the time. *Fletcher* v. *Wurgler* (1884), 97 Ind. 223; *Hodges* v. *Truax* (1898), 19 Ind. App. 651, 49 N. E. 1079; *Miller, Administrator* v. *Eldridge* (1891), 126 Ind. 461, 27 N. E. 132; *American Seeding Mach. Co.* v. *Baker* (1914), 55 Ind. App. 625, 104 N. E. 524.

The evidence is not sufficient to show the existence of an agreement between appellant and appellee for a release of the balance of the indebtedness. The mere fact that appellant expected appellee to purchase merchandise through him in the future does not establish an agreement. As was said by Judge Cardozo in *McGovern* v. *City of New York* (1923), 234 N. Y. 377, 388, 138 N. E. 26, 31, 25 A. L. R. 1442, "'Noth-

ing is consideration,' . . . 'that is not regarded as such by both parties.' "

In some branches of the law, especially in the criminal law, a person's secret intent is important, but in the formation of contracts it was long ago settled that secret intent was immaterial, only overt acts being considered in the determination of such mutual assent as that branch of the law requires. Williston on Contracts (Rev. Ed.), Vol. 1, § 22, p. 41. Illustrative of the statement, the author quotes from Brian in Y. B., 17 Edw. IV, 1, the following: "It is trite learning that the thought of man is not triable, for the devil himself knows not the thought of man."

The fact that the appellant might have had the secret intention or expectation that he would receive future business from appellee is not here valid consideration for an oral agreement, in view of the fact that the testimony of appellee establishes quite clearly that there was no agreement between the parties for future business.

The judgment of the trial court is reversed with direction to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 40 N. E. (2d) 362.